382

## ODUM et al. v. NATIONAL CARBON CO., Inc., et al.

District Court, E. D. New York.

Dec. 1, 1937.

Gustave Suss, of New York City (Harry Mesard, of New York City, of counsel), for plaintiffs.

Wright, Gordon, Zachry & Parlin, of New York City (John T. Cahill, of New York City, of counsel), for defendant National Carbon Co., Inc.

John M. Keating, of New York City, for defendant Joseph E. Robin.

Milton Brause, of New York City, for defendant William A. Michels.

George Reid, of New York City, for defendant Empire Theatre Supply Corporation.

BYERS, District Judge.

The plaintiffs seek to remand this cause, which has been removed on the part of the defendants from the Supreme Court of the state of New York, county of Queens.

The complaint recites in paragraph XXXVI that the plaintiffs have no ade-

quate remedy at law, and they seek equitable relief, namely, a personal judgment against the defendants in the sum of $250,-000.00, and that certain documents, agreements, contracts, releases and assignments be vacated, cancelled and set aside.

The plaintiffs allege a conspiracy which was organized and put into execution by the individual defendants and the corporate defendant National Carbon Company, Inc., and the Independent Theatre Supply Dealers Association, Inc.

The substance of the complaint is that the National corporation, under the control of the individual defendants, maintained a monopoly in the distribution of carbon to motion picture theatres and caused the Independent Association to be organized to further that object by causing it to distribute National products to its members, according to the methods described in the complaint; that the Empire Theatre Supply Corporation, of which the plaintiffs were stockholders, became a member of the distributing corporation and was thereafter expelled, at the instigation of the said National Carbon Company, Inc., whereby the Empire Corporation became insolvent. These circumstances are said to have forced that defendant to seek reorganization under section 77B of the National Bankruptcy Act (11 U.S.C. A. § 207).

It is then alleged that, in the proceedings therein, the defendants carried out their fraudulent conspiracy by adversely manipulating creditors, and preventing the plaintiffs from offering a plan of reorganization of the Empire Corporation, with the result that the United States Court for the Southern District of New York, in which such proceedings were pending, approved the plan for which the defendants were responsible, the actual purpose of which was to eliminate the plaintiffs from the control of the Empire Corporation; and that a sale, through a dummy, of the property and assets of that corporation, was consummated, which had the result of rendering the conspiracy successful.

It is stated that, while the creditors were to receive only forty-five cents on the dollar in the plan as it was presented to the court and approved, thereafter these defendants caused the said creditors to be paid fifty-five per cent. of their claims, thus paying them in full. Apparently this was a secret price paid to creditors, in or-

der to effectuate their acquiescence in defendants' illegal conduct. The last payment is said to have been made on or about the 27th of February, 1937.

No date is stated as to the court decree approving the plan, and the recitals are somewhat vague as to the various steps in the proceedings responsibility for which is ascribed to the defendants, but in general the conspiracy is as above outlined.

The complaint was verified on July 8, 1937, and the removal bond is dated September 10, 1937.

The motion to remand is opposed by the defendants on three grounds:

(a) That the issues require a construction and application of the Federal Anti-trust Laws.

(b) That the said issues depend upon the construction and application of the Bankruptcy Act.

(c) That the suit is intended to be an interference with the decrees of the Southern District Court in the reorganization in question.

For convenience, (c) alone will be discussed because, in the view presently held, it is dispositive of the motion.

It must be obvious that, if the plaintiffs succeed, they will necessarily establish that the 77B proceedings were consummated through the deception of the District Court of the Southern District in the conduct thereof, in that the actual settlement was at the rate of one hundred cents on the dollar and not forty-five; that the plaintiffs who controlled the debtor corporation could have presented a plan of their own, but were prevented illegally from doing so by the defendants; that the insolvency of the debtor was forced through the illegal and monopolistic practices employed by the defendants; that the sale of the assets of the debtor was made to accomplish a concealed and illegal purpose, and was not in good faith for the purpose of reorganization; and finally that the decree of the court approving the plan, as having been presented and put into effect in good faith, was in fact the culmination of the conspiracy to drive these plaintiffs out of business, and not the bona fide plan of reorganization which it purported to be.

A plainer case for removal of a cause which arises under "the * * * laws of the United States," i. e., section 77B of

the National Bankruptcy Act (11 U.S.C. A. § 207), is difficult to visualize. Cf. Hull v. Burr, 234 U.S. 712, at pages 721, 722, 34 S.Ct. 892, 58 L.Ed. 1557. See, also, Connor v. Scott, Fed.Cas.No.3119.

The court which decides this controversy will have to construe the statute which the plaintiffs charge the defendants with having circumvented, and with having improperly and illegally manipulated, in order to accomplish an unlawful purpose. Plainly jurisdiction pertains to this court, and the motion to remand must be denied.

Settle order.