**PENDLETON v. BUSSEY et al.**

District Court, W. D. Virginia.

Nov. 22, 1939.

212

M. Montrose Wallace, of Richmond, Va., for plaintiff.

Jesse M. Johnson, of Richmond, Va., for defendants.

DOBIE, District Judge.

The plaintiff in this case, Pendleton, had been serving as a captain and company commander of a Virginia camp of the Civilian Conservation Corps in August, 1937. He brings suit against Bussey, who at that time was a lieutenant on duty at the same camp, and Brettell, who was a former commander of that C. C. C. camp. All of these men were then reserve officers in the United States Army but on active duty.

Notice of motion for judgment, under Virginia Code, § 6046, was served on Brettell in Pennsylvania on August 10, 1938, and on Bussey in Virginia on August 22, 1938. This notice was also directed against Joseph H. Rousseau, Jr., but service was never obtained upon him; Rousseau was a regular United States Army officer and had been transferred to the Philippines. Plaintiff is a citizen of Virginia.

The notice of motion sets up a complaint of slander, based on section 5781 of the Virginia Code. The charge is that Bussey subsequent to August 8, 1937, made the false and untrue statements concerning Pendleton's conduct on August 8th, that with malicious intent these statements were made to numerous people and to Brettell in particular, that Brettell repeated them to Rousseau, and that Rousseau on August 16, 1939, wrote a letter requesting that Pendleton be relieved from active duty. Pendleton was then put on the inactive list as of September 7, 1937.

Defendants' first point is that this Court has no jurisdiction, in that no federal jurisdiction was stated in plaintiff's notice of motion, and that the proper diversity of citizenship does not exist. Counsel for plaintiff contends that the cause is properly before the Court because of a federal statute, 10 U.S.C.A. § 1589, which permits suits against United States Army officers or soldiers for acts done "under color of his office or status" to be removed from a State court to an United States District Court. However, this section says nothing about commencing a suit in the District Court, but prescribes the same procedure for removal that 28 U.S.C.A. § 76, sets out for

the benefit of United States revenue officers, et als. In interpreting the latter section (§ 76) the United States Supreme Court said, in Virginia v. Paul, 1893, 148 U.S. 107, 115, 13 S.Ct. 536, 539, 37 L.Ed. 386: "It is only when the suit or prosecution has been 'commenced in any court of a state,' and 'at any time before the trial or final hearing thereof,' that it 'may be removed for trial into the circuit [now District] court' * * *."

Plaintiff's counsel in his brief admits that section 1589 of 10 U.S.C.A. is the only basis for federal jurisdiction here and expressly states: "Plaintiff herein does not come into the Federal Court claiming a diversity of citizenship." The question then seems to be squarely presented: Is a civil suit for slander against a person in the military service of the United States, on account of any act done (here, words spoken or written) under color of the military status or office, cognizable in a federal District Court when such suit is originally instituted in such court, merely by virtue of the provisions of 10 U.S.C.A. § 1589, which permits such person in the military service to remove to the federal court such a civil suit when it "is commenced in any court of a State"? I think the answer to this question must be in the negative.

The jurisdiction of the federal court here exists when, as and if (if a federal judge may employ what seems to be the favorite phrase of stock-brokers) such a civil suit (incidentally the same is true of a criminal prosecution) is "commenced in any court of a State". Then the military person has the right or privilege, which at his election he may or may not exercise, to remove the proceeding to the federal court, which would probably prove a friendlier forum in determining the liability or lack of it for the act done under color of the federal military office. Under this statute there appears to be no warrant or justification for the plaintiff sua sponte to bring such a civil suit (a fortiori as to the institution of criminal prosecution under the law of a state), originally in a federal District Court. And it lies ill in the plaintiff's mouth to say that under such circumstances the defendant should (and ordinarily does) prefer a federal forum. For it is too elementary to require even any citation that the jurisdiction of a federal court, a court of limited jurisdiction, cannot be conferred, when it does not otherwise exist, by consent even of all parties; and questions of jurisdiction are, even when not raised by the

parties, always before a federal court as long as the case is therein pending. In this case, however, the question of jurisdiction has been specifically raised.

I have been unable to find any case directly in point under this statute which is concerned only with persons in the military service of the United States. But as to the statutes giving a similar right of removal of civil suits and criminal prosecutions, to federal revenue officers and others, 28 U.S.C.A. § 76, and as to a denial of equal civil rights, 28 U.S.C.A. § 74, the doctrine seems to be well settled that the removal jurisdiction of the District Court is here broader (though usually it is narrower) than its original jurisdiction. See Dobie on Federal Procedure, §§ 98, 99. Again, the wording of these statutes and their philosophy and raison d'être (particularly as to revenue officers) are strikingly similar to the statute in question. Accordingly, I have reached the conclusion that the instant suit lies without the jurisdiction of the United States District Court.

Various other questions (some highly technical) have been raised as to service of process, the time for filing suits in federal courts under the awkward Virginia practice of notice of motion, and also as to the statute of limitations. But, having decided that the federal District Court is without jurisdiction of the instant civil action, I do not think it necessary at this time to pass on those questions.

In the light of the considerations set out above, this action is dismissed, without prejudice to, but at the costs of, the plaintiff.