**John J. KELLEY, Petitioner, Appellant,**

**v.**

**Raymond J. DUNNE, Respondent, Appellee.**

**No. 6786.**

United States Court of Appeals First Circuit.

Heard Nov. 8, 1966.

Decided Dec. 14, 1966.

Charles M. Burnim, Boston, Mass., with whom F. Lee Bailey, Boston, Mass., was on brief, for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT.

PER CURIAM.

█ Plaintiff appellant, in the prosecution of this appeal, has violated one of our basic requirements. If there be any lack of clarity in our Rules 22(2) and 23 (1), dealing, respectively, with the content of and presentation of the record on appeal, our exposition of this obligation over the years has been repetitious to the point of redundancy. We cannot pass upon the correctness of findings when only a small portion of the transcript is made available. Even without a rule, this should be self-evident.

█ That would be the end of the case, except that in this instance we elect to deal with some of the matters that have been argued as if they had been adequately presented. Assuming for present purposes that the facts are as appellant contends, and disregarding *inter alia*, certain specific contrary findings of the district court, defendant, an investigatory agent of the Post Office removed $235 in currency belonging to the plaintiff from plaintiff's house without a warrant, and without consent. Four years later plaintiff instituted this action of replevin against the officer in the Massachusetts state court, which was removed to the district court pursuant to 28 U.S.C. § 1442. We voice no criticism of the delay, but we mention it because it is hardly to be assumed, without proof, that the defendant was still in possession of this particular currency at the time of suit. No attempt was made to show that he was, and the uncontradicted testimony, so far as appears, is to the contrary. Replevin is a possessory action. Plaintiff fails at the threshold.

█ Plaintiff has further difficulties. It is conceded that prior to suit the defendant had offered to give plaintiff $235, but not this particular currency, and that plaintiff refused. Plaintiff has not shown that it would be possible to identify the particular currency he seeks, let alone that these bills were in any way unique. The first omission alone would be fatal. Furthermore, absent any showing that plaintiff has reason to prefer one particular piece of currency over another of the same denomination (and we observe that plaintiff did not even appear at the trial to testify that he did) we do not think the time of the district court should have been taken over this matter. We see even less reason, following the court's findings, why our time should also be taken.

Affirmed.