Richard J. **MARTIN**

v.

Charles E. **WYZANSKI, Jr.**

**Civ. A. No. 66–684–J.**

United States District Court
D. Massachusetts.

Jan. 16, 1967.

Richard Joseph Martin, pro se.

Paul F. Markham, U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., Boston, Mass., for defendant.

## OPINION

FRANK W. WILSON, District Judge (by designation).

This is a civil action designated by plaintiff as one for libel, commenced in this court upon September 13, 1966. The case is before the Court upon the defendant's motion to dismiss upon the following grounds: (1) lack of jurisdiction of the subject matter, (2) judicial immunity, (3) privilege, (4) limitation of actions, (5) failure to state a claim upon which relief can be granted, and (6) failure to plead in accordance with the Federal Rules of Civil Procedure.

At the threshold, of course, is the question of jurisdiction. The defendant contends simply that the complaint does not state a claim against defendant which is within the jurisdiction of the Court. It is a well established principle that United States District Courts are courts of limited jurisdiction, at least in the sense that they are empowered to hear only such cases, within the judicial power of the United States, as have been entrusted to them via jurisdictional grant by the Congress. Wright on Federal Courts, Sec. 7, p. 14; 1 Barron & Holtzoff, Sec. 21; 1 Moore's Federal Practice, Sec. 0.60(3). As a consequence of this doctrine, it is presumed that the Court lacks jurisdiction in a particular case until it has been shown that jurisdiction

over the subject matter exists. Wright on Federal Courts, Sec. 7.

■■ It should be pointed out that the question in the instant case is one of original jurisdiction, and not of removal jurisdiction. Plaintiff contends that jurisdiction is conferred by Section 1442 of Title 28, United States Code, which provides for the removal of actions brought against officers of United States courts for acts under color of office or in the performance of duties. Defendant here is a United States District Judge. It is plain that Section 1442 does not enlarge the original jurisdiction of federal district courts and does not itself confer original jurisdiction upon district courts in cases against officers of federal courts. Viles v. Symes, (C.A. 9, 1942) 129 F.2d 828, cert. den. 317 U.S. 633, 63 S.Ct. 67, 87 L.Ed. 511, reh. den. 317 U.S. 711, 63 S.Ct. 323, 87 L.Ed. 567; Mathers & Mathers v. Urschel, (C.A. 10, 1935) 74 F.2d 591; Pendleton v. Bussey, (D.C.Va., 1939) 30 F.Supp. 211. Accordingly, jurisdiction in the instant case cannot be found in 28 U.S.C. § 1442. There is no statute conferring original jurisdiction specifically in cases against federal officers, and such actions must find other grounds for jurisdiction. Wright on Federal Courts, Sec. 22, p. 62; 36 C.J.S. Federal Courts § 40, p. 229.

■ The "general" provisions for original jurisdiction of district courts are found in Sections 1331 (federal question) and 1332 (diversity of citizenship) of Title 28, U.S.C. Various "special" provisions for original jurisdiction are set forth in Chapter 85 of Title 28 (28 U.S. C. §§ 1331 through 1361, inclusive), and others are scattered throughout the Code (see Historical and Revision Notes to 28 U.S.C.A. § 1332). None of these special provisions has been advanced in support of jurisdiction in this case, and the Court is not aware of any which would confer jurisdiction here. Jurisdiction cannot be grounded in the provisions of Section 1332, since it appears from the complaint that both plaintiff and defendant are citizens of the Commonwealth of Massachusetts. Thus it seems that jurisdiction

must be conferred by the provisions of Section 1331, or none exists.

It is there provided, in pertinent part, as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

■■ The crucial phrase is "arising under", the same words used to delineate the judicial power of the federal courts in Article III, Section 2, United States Constitution. With the exception of one brief period of Federalist ascendancy (see Act of February 13, 1801, ch. 4, sec. 11, 2 Stat. at L. 89, repealed at ch. 8, sec. 1, 2 Stat. at L. 132), it was not until 1875 that Congress gave the circuit courts original jurisdiction of suits arising under the federal constitution or laws, Act of March 3, 1875, ch. 137, Section 1, 18 Stat. 470, but the language of that enactment remains substantially unchanged to the present. The meaning of the phrase "arising under" has received considerable attention from the Supreme Court, both in terms of the Constitutional provision and the jurisdictional statute. See Osborn v. Bank of the United States, (1824) 9 Wheat, 738, 6 L.Ed. 204; Pacific Railroad Removal Cases, (Union Pacific R. Co. v. Myers) (1885), 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319; American Well Works Co. v. Layne & Bowler Co., (1916) 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987; Shulthis v. McDougal, (1912) 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully v. First National Bank in Meridian, (1936) 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. The current meaning of "arising under", the test for jurisdiction under 28 U.S.C. § 1331, was restated in the case of Wheeldin v. Wheeler, (1963) 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 610, as follows:

"As we stated in Bell v. Hood, [327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939] * * * 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the

928

United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction.' "

Accordingly, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution or laws of the United States. Bell v. Hood, (1945) 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

According to the complaint, the plaintiff is a retired court reporter formerly assigned to this Court, and defendant is Chief Judge of this Court. Plaintiff alleges that in the course of litigation between himself and certain other parties in the Suffolk Superior Court, plaintiff caused to be issued a subpoena duces tecum for defendant to appear in that action and produce certain documents, and that defendant responded thereto by filing a motion to quash, which motion contained allegedly libelous statements concerning plaintiff. This is the essence of the complaint. Other allegations concern alleged transactions in years past going back to about 1945, but since plaintiff describes his action as one for libel, it is obvious that such allegations are simply for the purpose of showing malice.

 A federal district court has no jurisdiction over an action in tort between individual residents of the same state which involves no constitutional or federal question. Thomason v. Works Projects Administration, (D.C. Idaho, 1942) 47 F.Supp. 51, affirmed 9 Cir., 138 F.2d 342. An action for libel is governed by the appropriate state law and in an ordinary action for libel no federal question would be presented. The only distinctive feature here presented is that defendant is an officer of a court of the United States. Is this sufficient to confer jurisdiction under 28 U.S.C. § 1331? The Court is of the opinion that it is not. For the purpose of determining jurisdiction, recourse cannot be had to possible defenses available to defendant; rather the existence of the federal question must appear from plaintiff's well-pleaded complaint. See Bell v. Hood,

supra, and 1 Barron & Holtzoff, Section 25, pp. 124–125, and the authorities there cited. It is apparent from a reading of the complaint that plaintiff's right to recover does not turn upon any construction of federal law. It is true that certain defenses, such as judicial immunity, might be decisive of the lawsuit, and might be matters of federal law, but such matters are not before the Court upon a motion to dismiss for lack of jurisdiction. That the cause of action is concerned with state law and not federal law is shown by the fact that removal could be had under the provisions of 28 U.S.C. § 1442 in a similar case filed in state court only because the interposition of a federal defense would make the case one "arising under" the Constitution or laws of the United States.

The motion to dismiss will accordingly be sustained for lack of jurisdiction.