**UNITED STATES of America**
v.
**Patrick Vincent BUTLER.**
**Crim. No. 68-182.**

United States District Court
D. Massachusetts.
June 5, 1969.

Herbert F. Travers, Jr. U. S. Atty., William Foley, Asst. U. S. Atty., for plaintiff.

Joseph T. Travaline, Somerville, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

Defendant was arrested on June 28, 1968 in Brockton, Massachusetts. Government agents seized and are now holding $750 in currency taken from defendant's person and $1100 in currency, 3 hats and a jacket taken from an automobile. Before trial defendant moved to suppress those items as evidence and to return them to him. The Court denied this motion without prejudice. Defendant was acquitted in a trial in which the items were not offered as evidence. Defendant now moves for the return of those items on the ground that the government has no right to retain possession of them.

No contention is now made that the arrest or the seizures were invalid. Defendant does not press his October 14, 1968 contention that the search of the automobile was improper and thus the seizure of certain items was unlawful. Despite opportunity to do so, he never has offered evidence that the search of the automobile was invalid.

Defendant refers to Rule 41(e) of the Federal Rules of Criminal Procedure. But his present motion does not challenge the legality of the arrest, or the incidental search, or the seizures. His only claim is that he has a superior property interest in the items.

 Defendant's reliance on Rule 41(e) is misplaced. It does not apply to post-judgment proceedings. See Bartlett v. United States, 317 F.2d 71 (9th Cir. 1963); United States v. Nirenberg, 19 F.R.D. 421 (E.D.N.Y.1956).

The proper procedure is for defendant to bring a wholly independent action for return of what he claims is his property. (Cf. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614; Centracchio v. Garrity, 198 F.2d 382 (1st Cir. 1952), Lord v. Kelley, 223 F.Supp. 684 (D.Mass.1963)).

In substance such an action is the modern equivalent of an action of replevin. Cf. Kelley v. Dunne, 369 F.2d 627 (1st Cir. 1966) and Bartlett v. United States, supra. In such a proceeding the government may plead any right it may have to retain the items sought on the ground that they are contraband or forfeited, or necessary for evidentiary purposes.

Motion denied.