Richard CARIGNAN, Plaintiff,

v.

UNITED STATES of America, and, or, Agents of the Federal Bureau of Investigation, Defendants.

Civ. A. No. 69–229–M.

United States District Court
D. Massachusetts.

Sept. 24, 1969.

See also, D.C., 286 F.Supp. 284.

**324**

Richard Carignan Pro Se.

Herbert F. Travers, Jr., U. S. Atty., Joseph A. Lena, Asst. U. S. Atty. Dept. of Justice, Boston, Mass., for defendants.

Edward J. Murphy, Boston, Mass., for American Insurance Company on Motion to Intervene.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This action came on to be heard under Federal Rule of Civil Procedure 55(e) for a determination whether judgment by default should be entered against the defendant United States and the defendants "agents of the Federal Bureau of Investigation".

On February 24, 1969 papers captioned "PETITIONER'S MOTION FOR A WRIT OF REPLEVIN, TO ISSUE FOR THE RECOVERY OF HIS PERSONAL PROPERTY FROM AGENTS OF THE FEDERAL BUREAU OF INVESTIGA-TION" were received for filing by the clerk of this court. In accordance with the mandate of Fed.R.Civ.P. 2, these papers have been treated as a complaint in a civil action seeking the return of the property described below.

The complaint alleges that plaintiff was taken into custody by agents of the Federal Bureau of Investigation in Phoenix, Arizona, on or about May 17, 1964; that plaintiff was brought to the federal building in Phoenix where his personal effects were removed by the agents and held for safekeeping; and that the ar-ticles taken were the following: "1. Ten thousand dollars in one-hundred dollar bills. 2. My wallet, with one-hundred and eighty dollars, and papers. 3. A timex wristwatch, silver colored." The complaint further alleges that these articles were never returned to plaintiff; that plaintiff did not learn the names of the arresting agents; and that the money was not the proceeds of the crime for the commission of which plaintiff is now serving time under sentence of this court. Although the court does not regard it material, the complaint contains the additional allegation that plaintiff's delay in asserting his claim to these articles was caused by his escape from jail and avoidance of incarceration "for several years" after his arrest in Phoenix.

Plaintiff has appeared pro se in this action. On March 5, 1969 this court allowed plaintiff's motion to proceed in forma pauperis, and on March 6, 1969 summons issued. The United States Marshal's return on the summons shows that it was served on the United States on March 13, 1969 and on the Federal Bureau of Investigation on March 18, 1969. Thereafter, following an exchange of correspondence between plaintiff and the clerk of this court, the clerk treated plaintiff's letter of May 26 as a request for entry of default, and default was entered on May 28, 1969 pursuant to Fed. R.Civ.P. 55(a). The following written notice, dated May 28, 1969, was given to plaintiff and the United States Attorney for the District of Massachusetts:

Upon the request of the plaintiff in * * * [this] action, and it appearing that the defendants have failed to plead or otherwise defend, it is ordered that the defendants be, and they hereby are, defaulted.

It is further ordered that this case be set down for hearing on THURS-DAY, JUNE 5, 1969 at 10:00 A.M. pursuant to the provisions of Rule 55 (e) of the Federal Rules of Civil Procedure.

At the hearing on June 5, 1969 plaintiff appeared for himself, and defendants were represented by an Assistant United States Attorney. Sworn testimony was given by plaintiff which supported the material allegations contained in the complaint. In answer to a question by the court, the Assistant United States Attorney stated that the Government had no evidence to offer, and thereupon filed a motion,[1] on behalf of the United States, to remove its default.

■ The motion fails to show "good cause" why entry of default should be set aside pursuant to Fed.R.Civ.P. 55(c). There was no answer filed with the motion, there is no claim that the United States has a meritorious defense to the action, and there is no assertion that the Government's delay in filing a responsive pleading was due to mistake, excusable neglect or any other factor which might understandably account for failure to comply with Fed.R.Civ.P. 12(a). *See generally* 6 J. Moore, Moore's Federal Practice para. 55.10 [1]–[3] (2d ed. 1966). In fact, it appears from the records of this court, which the court notices, that in the case referred to, Civil Action No. 68–1106–J, the Government has failed to file an answer or otherwise appear although the United States Marshal's return recites that service of the summons and complaint was had on defendant United States on January 16, 1969 and on defendant James Handley, allegedly the agent in charge of the Boston Office of the Federal Bureau of Investigation, on January 15, 1969. To set aside a default for no other reason than to permit the Government to file a mo-

tion to consolidate this action with an action in which it is in default (although no default has been entered) would be a meaningless gesture.

At the hearing, the Government argued that the court lacked subject-matter jurisdiction over this action, citing Mathers & Mathers v. Urschel, 74 F.2d 591 (10th Cir. 1935). The Court of Appeals held in *Mathers* that the district court lacked subject-matter jurisdiction over the action for several reasons. First, there was no allegation of diversity of citizenship between plaintiffs and defendants, and the court found from the record that plaintiffs and one of the defendants were citizens of the same state. Thus there was no subject-matter jurisdiction under what is now 28 U.S.C. § 1332(a) (1). Second, the court held there was no federal question jurisdiction under a predecessor of 28 U.S.C. § 1331(a). And third, the court found the statute (now 28 U.S.C. § 1442(a) (1), (3)) authorizing removal of an action brought against a federal officer inapplicable to an action brought originally in a district court. *See also* Martin v. Wyzanski, 262 F.Supp. 925 (D.Mass. 1967).

■ In the case at bar plaintiff names as defendants "United States of America, and, or, Agents of the Federal Bureau of Investigation". Plaintiff states in his complaint that he does not know the names of the agents. No action can lie against an unidentified party defendant. But even if the agents were named, the action against them would not lie unless there was a basis for exercising subject-matter jurisdiction over

---

1. The motion alleges:

   Now comes the United States of America in * * * [this] action and requests that this Honorable Court allow it to remove the default entered for failure to file its responsive pleadings and to be permitted to file its responsive pleadings, and for grounds therefor states that another action is currently pending in this court, to wit, American Insurance Company v. The

   United States of America et al., Civil Action No. 68–1106–J, in which the claim is made by the petitioner, American Insurance Company, for the same sum of money which is the subject matter of the case at bar. The United States intends, after filing responsive pleadings in the case at bar, to move the consolidation of the case at bar with the aforesaid pending action.

a claim against them. *Mathers* suggests some of the jurisdictional hurdles which must be faced. *See also* note 3 *infra*.

■ The Government has cited no other statute or decision in support of its oral motion to dismiss for want of subject-matter jurisdiction. Plaintiff has not advanced any particular jurisdictional basis for this action. There has been no compliance with Fed.R.Civ.P. 8(a) (1). In view of the mandate of Fed.R. Civ.P. 12(h) (3), the court must undertake its own inquiry to determine whether it has subject-matter jurisdiction over the action against the United States.

■ Two subsections of the Judicial Code giving the consent of the United States to be sued appear relevant to this question. The first, 28 U.S.C. § 1346(a) (2), provides in pertinent part:

> The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
>
> \*    \*    \*    \*    \*    \*
>
> Any \* \* \* civil action or claim against the United States, not exceeding $10,000 in amount, founded \* \* upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiff's claim here is for an amount in excess of $10,000. Assuming that plaintiff's claim otherwise falls within the above-quoted language, it can be brought only in the Court of Claims. *See* 28 U.S.C. § 1491. The second is contained in 28 U.S.C. § 1346(b), which, in pertinent part, provides:

> Subject to the provisions of chapter 171 of this title, the district courts \* \* \* shall have exclusive jurisdiction of civil actions on claims against

the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property \* \* \* caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Plaintiff's claim in substance is that his property, although lawfully taken from him at the time of his arrest, is now being wrongfully withheld from him. There is no basis in the evidence introduced by plaintiff for determining when lawful custody of the property ceased. Plaintiff's "motion for a writ of replevin" was received for filing February 24, 1969, and his application to proceed in forma pauperis was allowed on March 5, 1969.[2] Assuming the action was commenced on February 24, 1967, and that plaintiff's claim to the property accrued at any time two years prior to that date, the claim would be barred by the statute of limitations applicable to actions commenced under 28 U.S.C. § 1346(b). *See* 28 U.S.C. § 2401(b) (applicable to claims accruing on and after January 18, 1967); Act of June 25, 1948, ch. 646, 62 Stat. 971, as amended, Act of Apr. 25, 1949, ch. 92, § 1, 63 Stat. 62, as amended, Act of Sept. 8, 1959, Pub. L. No. 86–238, 73 Stat. 472 (applicable to actions accruing between May 17, 1964, the date on which it is alleged plaintiff's property was taken, and January 18, 1967). The statute of limitations is not merely a defense to actions brought against the United States under 28 U.S.C. § 1346(b); its running operates to deprive this court of subject-matter

2. At the hearing under Fed.R.Civ.P. 55(e), plaintiff offered no evidence to show that the particular currency he sought was identifiable. Nor was evidence offered to show who had possession of the articles allegedly taken from him. Under these circumstances, Kelley v. Dunne, 369 F.2d 627 (1st Cir. 1966) poses a substantial barrier to entry of default judgment in compliance with the provisions of Rule 55(e). The point need not be pursued, however, in view of the disposition of this action on jurisdictional grounds.

jurisdiction over the action. *E. g.*, Mann v. United States, 399 F.2d 672 (9th Cir. 1968); Bay State Crabmeat Co. v. United States, 78 F.Supp. 131 (D. Mass.1948).

■ If, on the other hand, plaintiff's claim accrued at any time when it would not be barred by the statute of limitations, it cannot be brought in this court at this time because plaintiff's testimony at the hearing on entry of default judgment established that he did not first present his claim to the "appropriate" federal agency as required by 28 U.S.C. § 2675 (a), which became effective on January 18, 1967. Act of July 18, 1966, Pub L. No. 89–506, § 10, 80 Stat. 308.

Decisions under former section 2675 (a) indicated that the failure to present a claim to a federal agency before bringing suit was not a bar to the action. *See* Whistler v. United States, 252 F.Supp. 913, 917 (N.D.Ind.1966); Schlingman v. United States, 229 F. Supp. 454 (S.D.Cal.1963) (dictum). On the other hand, other decisions under former section 2675(a) indicated that once an agency claim was presented suit could not be instituted until there had been final disposition of the claim. *See* Trepina v. Wood, 227 F.Supp. 726, 729 (D.Mont.1964); Gordon v. United States, 129 F.Supp. 371 (D.Mass.1955) (dictum). The amendment to section 2675(a) appears to require the filing of an agency claim as a condition precedent to consent to suit. *See* Beavers v. United States, 291 F.Supp. 856 (S.D. Texas 1968). Such a disposition is required here even assuming this action is otherwise properly brought under 28 U.S.C. § 1346(b). *Cf.* Crown Coat Front Co. v. United States, 386 U.S. 503, 510–512, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967) (failure to exhaust administrative remedies provided in government contract bars contractor's suit); United States v.

Joseph A. Holpuch Co., 328 U.S. 234, 238–243, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946) (same).

In United States v. Butler, 299 F. Supp. 778 (D.Mass.1969), where the court denied a motion under Fed.R. Crim.P. 41(e) seeking return of property taken by federal agents, the question whether the court had jurisdiction to entertain an action in replevin against the United States does not appear to have been raised. Moreover, the amount in controversy in Butler—$1,850 in cash and some clothing—was less than $10,000, and thus a district court would have concurrent jurisdiction with the Court of Claims if the action were otherwise properly brought under 28 U.S.C. § 1346(a) (2).

■ There does not appear to be any other statutory jurisdictional basis for plaintiff's claim against the United States.[3] There is, however, decisional authority for the exercise of "inherent" jurisdiction over certain actions seeking the return of property allegedly unlawfully seized by federal agents. *See, e. g.,* Go-Bart Importing Co. v. United States, 282 U.S. 344, 354–355, 51 S.Ct. 153, 75 L.Ed. 374 (1931); Centracchio v. Garrity, 198 F.2d 382 (1st Cir.), cert. denied, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672 (1952). These decisions are aptly characterized in Lord v. Kelley, 223 F.Supp. 684, 687 (D.Mass.1963), appeal dismissed, 334 F.2d 742 (1st Cir. 1964), cert. denied, 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965), as sustaining jurisdiction "on the theory that the United States Attorney as a lawyer was an officer of the court subject to the inherent disciplinary power of any court of record". It is not clear how jurisdiction can exist over the United States even if there is jurisdiction over the United States Attorney or another federal agent, but this point will be passed

3. Since neither the Federal Bureau of Investigation nor any particular agent thereof has been named a party defendant, it is unnecessary to consider whether this action can be characterized as an "action in the nature of mandamus" within the meaning of 28 U.S.C. § 1361.

because of the disposition of the case as appears hereafter. Although plaintiff here did not join the United States Attorney as a party defendant, that factor alone would not defeat exercise of the court's jurisdiction. Lord v. Kelley, 223 F.Supp. 684, 688–689 (D.Mass.1963), appeal dismissed, 334 F.2d 742 (1st Cir. 1964), cert denied, 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). See also Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956) (inherent disciplinary jurisdiction extends to actions against federal law enforcement officers); Smith v. Katzenbach, 122 U.S.App.D.C. 113, 351 F.2d 810, 815–816 (1965) (same in dictum); Hinchcliff v. Clarke, 230 F.Supp. 91, 105–106 (N.D.Ohio 1963) (same), rev'd on other grounds, 371 F.2d 697 (6th Cir.), cert. denied, 387 U.S. 941, 87 S.Ct. 2073, 18 L.Ed.2d 1327 (1967).

The crucial difference, however, between decisions applying a rule of inherent jurisdiction and the instant case is that there is no allegation here that the property involved was seized in violation of any federal law or the United States Constitution. In the absence of such allegation, there is nothing upon which to base exercise of the inherent disciplinary jurisdiction this court possesses. No case has been found where inherent disciplinary jurisdiction was exercised in an action alleging only that property was unlawfully retained by federal agents. On the contrary, several decisions indicate that an aggrieved person in the position of plaintiff here must pursue a common law remedy[4] against the defendant(s). *See* United States v. But-

ler, 299 F.Supp. 778 (D.Mass.1969); Bartlett v. United States, 317 F.2d 71 (9th Cir.), cert. denied, 375 U.S. 847, 84 S.Ct. 102 11 L.Ed.2d 75 (1963); United States v. Nirenberg, 19 F.R.D. 421 (E.D.N.Y.1956); United States v. Casino, 286 F. 976, 978–979 (S.D.N.Y. 1923). Although plaintiff has attempted to invoke such a remedy, he must also satisfy the statutory jurisdictional requirements for civil actions brought in a federal court. He has failed to do so, and, accordingly, judgment shall enter dismissing the action for want of subject-matter jurisdiction.

In view of this disposition, the motion to intervene and to consolidate for trial filed by the American Insurance Company on June 11, 1969 will not be acted upon.

---

4. By the common law replevin was limited to cases wherein the property was wrongfully taken, but the action has been, by statute or by judicial decision, extended to cases in which defendant got possession of the property without wrong. In Massachusetts it was held at an early time that replevin would lie to recover goods wrongfully detained where the possession was rightfully obtained. Bak-

er v. Fales, 16 Mass. 147 (1819). Judge Story thought otherwise. Meany v. Head, 16 Fed.Cas. No. 9,379, p. 1302 (Cir.Ct.D.Mass.1817). There seems no doubt that the Massachusetts law today authorizes replevin when the original taking was without wrong. Whitman v. Merrill, 125 Mass. 127 (1878). Mass. Gen. Laws ch. 247, § 7.