**FARMCO STORES, INC., a corporation, Plaintiff,**

v.

**Milton M. NEWMARK and V. J. Reed, Defendants.**

**Civ. S–1359.**

United States District Court,
E. D. California.

July 8, 1970.

Gale & Goldstein, Sacramento, Cal., for plaintiff.

Milton Maxwell Newmark, Lynn Anderson Koller, Lafayette, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is a motion for remand under 28 U.S.C.A. § 1447(c). The action was brought originally in state court. Defendants removed to this court under 28 U.S.C.A. § 1446. Plaintiff moves to remand on two grounds: (1) the court lacks subject matter jurisdiction since the action does not arise under the laws of the United States within the meaning of 28 U.S.C.A. § 1331(a), and (2) the removal was procedurally defective depriving the court of jurisdiction.

Defendants concede that there is no basis for this Court's jurisdiction unless the action arises under the laws of the United States within the meaning of 28 U.S.C.A. § 1331(a). It is settled that the answer to this jurisdictional question must be determined solely from the face of the complaint unaided by the answer, petition for removal or other papers. See Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Stauffer v. Exley, 184 F.2d 962, 967 (9th Cir. 1950). Thus, I begin with an examination of the complaint which alleges the following. On August 26, 1968, plaintiff filed a petition for arrangement under Chapter XI of the Bankruptcy Act. Thereafter, defendants solicited claims and powers of attorney from various creditors of plaintiff for the purpose of having defendant Reed elected trustee, who would then retain defendant Newmark as his attorney. Defendants solicited the Board of Trade of San Francisco, which acted as assignee or representative of various creditors of the plaintiff. The Board of Trade authorized defendants to vote certain claims on behalf of creditors and to vote for Reed as trustee, but the Board did not authorize defendants to oppose or vote against any arrangement plan presented by plaintiff. In September,

1968, plaintiff did offer an arrangement plan. Thereafter defendant Newmark, pursuant to a plan to force plaintiff into straight bannkruptcy, appeared in the Bankruptcy Court and opposed the plaintiff's arrangement plan. He represented to the other creditors that he was authorized by the Board of Trade and other creditors to oppose the plan, he tried to induce other creditors to vote against the plan, and he voted the Board of Trade claims against the plan contrary to his instructions from the Board of Trade. By these activities defendants delayed acceptance of the plan until December 10, 1968, which damaged plaintiff's business in the amount of $40,000. In summary, plaintiff alleges that defendant Newmark, with the aid of defendant Reed, interfered with its business relationships by means of fraudulent representations and activities while acting as attorney in a Bankruptcy Court.

Plaintiff asserts that this is an action in tort under state law, which because of the locale of the tort, may incidentally involve some federal bankruptcy law. Defendants argue that because the cause of action arose after plaintiff was in Chapter XI and because decision of the case will necessarily involve the rights of creditors in a Chapter XI proceeding, the case arises under federal law.

The most often quoted formulation of when a case arises under federal law is Justice Cardozo's in Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936):

How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. [Citations] The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. [Citations] A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [Citations], and the controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal. [Citations] Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. [Citations.]

It is clear that the existence of a *defense* based on federal law, no matter how certain it is that defendant will assert it, is not a basis for federal jurisdiction. *see e. g.*, Pan Am Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The most that can be said of this case is that the defense may raise questions of federal law. Therefore I conclude that this action does not arise under federal law.

Plaintiff grounds his claim upon California law discussed in Masoni v. Board of Trade of San Francisco, 119 Cal.App. 2d 738, 741–743, 260 P.2d 205, 207, 208 (1953):

"Intentional and unjustifiable interference with contractual relations is actionable in California * * *." Speegle v. Board of Fire Underwriters, 29 Cal.2d 34, 39, 172 P.2d 867, 870. Actionable interference of this kind is not limited to inducing breach of an existing contract or other wrongful conduct but comprises also unjustifiably inducing a third person not to enter into or continue a business relation with another. Restatement, Torts, § 766(a) and (b). We quoted this section of the Restatement in full in Remillard-Dandini Co. v. Dandini, 46 Cal.App.2d 678, 680, 116 P.2d 641, in which case we held that a

cause of action was stated in a complaint which alleged that defendant for the purpose of destroying plaintiff's business not only induced creditors of plaintiff to breach their contracts with plaintiff but also caused them to demand immediate payment of plaintiff's accounts and to refuse to sell further to plaintiff on credit, so that plaintiff had to pay cash.

\* \* \*

Whether an intentional interference by a third party is unjustifiable and actionable depends on a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all circumstances, among which the methods and means used and the relation of the parties are important. Restatement, Torts, § 767 and comments; compare Imperial Ice Co. v. Rossier, 18 Cal.2d 33, 35, 36, 112 P.2d 631. The right of a debtor insolvent or unable to pay his debts as they mature to try to save his business by means of a settlement with his creditors is recognized as not only of private but also of social importance. Compare the wide opportunity for arrangement offered in the Bankruptcy Act. A third party, who without any special relation to the creditors, with no better objective than ill will, and by unfair means, induces the creditors to stand on their legal rights and to destroy the debtor's business *may well be liable under the above rule.*

That defendants may have committed their tortious acts while appearing in a Bankruptcy Court does not change the essential non-federal nature of plaintiff's cause of action. Defendants were not acting under appointment of the court. For purposes of alleging a state cause of action it should make no differ-

ence whether defendants committed the tortious misrepresentations in a federal court, in a state court, in a private office or on the street. It is the misrepresentations themselves which cause the harm, not the peculiar place where they are made. Of course defendants could most effectively achieve their goal by acting in the Bankruptcy Court, but this does not change the fact that plaintiff's right to conduct his business free of tortious interference is created by state and not federal law.

Although defendants have not cited any cases to this effect, plaintiff may also have a cause of action under federal law for fraudulent interference with proceedings in bankruptcy. Even if such a cause of action existed, it would not entitle defendants to remove because "the party who brings a suit is master to decide what law he will rely upon," The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L. Ed. 716 (1913), and plaintiff has not attempted to state any claim under federal law. See Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

Under California law not every interference by third persons with business relationships is wrongful. Certain interference can be justified by a showing of proper purpose and legitimate interest. Alpha Distributing Co. of Cal., Inc. v. Jack Daniel's Distillery, 207 F.Supp. 136, 138 (N.D.Cal.1961), and cases cited. It cannot be stated with certainty by looking at the complaint what the defense will be. It may involve federal law, and it may not.[1] If there is a non-federal defense, there will be no federal question in the case.

It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the

---

1. Defendants may allege that they were authorized by the Board of Trade and other creditors to oppose an arrangement. They may allege that they did not oppose the arrangement at all. They may argue that no cause of action should

exist on these facts. (The language in Masoni v. Board of Trade of San Francisco, *supra*, was dictum and the court may choose not to follow it.) None of these possible defenses would involve any question of federal law.

complaint that determination of the suit depends upon a question of federal law. (Pan American Petroleum Corp. v. Superior Court, supra, 366 U.S. at 663, 81 S.Ct. at 1307)

See also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), and cases cited. Since it cannot be stated with certainty from this complaint that decision of the case will involve a question of federal law, the court lacks jurisdiction.

The case of Martin v. Wyzanski, 262 F.Supp. 925 (D.Mass.1967), is quite similar. Plaintiff, a former federal court reporter, sued the Chief Judge of the District Court for the District of Massachusetts for libel. The court held that the suit did not arise under federal law.

> A federal district court has no jurisdiction over an action in tort between individual residents of the same state which involves no constitutional or federal question. * * * An action for libel is governed by the appropriate state law and in an ordinary action for libel no federal question would be presented. The only distinctive feature here presented is that defendant is an officer of a court of the United States. * * * For the purpose of determining jurisdiction, recourse cannot be had to possible defenses available to defendant; rather the existence of the federal question must appear from plaintiff's well pleaded complaint. * * * It is apparent from a reading of the complaint that plaintiff's right to recover does not turn upon any construction of federal law. It is true that certain defenses, such as judicial immunity, might be decisive of the lawsuit, and might be matters of federal law, but such matters are not before the Court upon a motion to dismiss for lack of jurisdiction. (262 F.Supp. at 928)

See also Thomason v. Works Projects Administration, 47 F.Supp. 51 (D.Idaho 1942), aff'd, 138 F.2d 342 (9th Cir. 1943).

The cases cited by defendants are distinguishable. Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1557 (1914), was an action brought in federal court attacking the validity of proceedings and an adjudication in bankruptcy. The purpose of the action was to restrain defendants from acting as trustees in bankruptcy because the bankruptcy was fraudulent. The Court held that the action arose under the laws of the United States because the essential question was the validity of the title of the trustees in bankruptcy, which could only be adjudicated by construing the bankruptcy laws. In the case at bar there is no attack upon the validity of the bankruptcy proceedings itself. And, as I have shown, this suit may be decided without considering any federal law. Odum v. National Carbon Co., Inc., 21 F.Supp. 382 (E.D.N.Y.1937), is similar to the case at bar. Plaintiffs, who were stockholders of Empire Theatre Supply Corporation, alleged that defendants conspired to divest them of control of the corporation by forcing the corporation through a fraudulent reorganization under section 77(b) of the Bankruptcy Act. They sought $250,000 damages and certain equitable relief. The court held that the action arose under the Bankruptcy Act. The case has never been cited since, and a strong argument could be made that it was wrongly decided. However, the court's thinking clearly indicates that it is distinguishable. The court said:

> The court which decides this controversy will have to construe the statute which the plaintiffs charge the defendants with having circumvented, and with having improperly and illegally manipulated, in order to accomplish an unlawful purpose. (21 F. Supp. at 383)

If, in the case at bar, it were clear from the complaint that the case could not be decided without construing and applying the bankruptcy laws, then it too would arise under federal law. However, as I have already shown, this case can be de-

cided completely without reference to any federal law. Under the Pan American Petroleum Corp. test quoted above, this case is not cognizable under the general federal question jurisdiction of 28 U.S.C.A. § 1331(a). Since there is no other basis for this court's jurisdiction, the case must be remanded to the state court. Plaintiff is entitled to recover its costs and disbursements under 28 U.S.C.A. § 1446(d).

It is therefore ordered that this case be, and the same is, hereby remanded to the Superior Court of the State of California in and for the County of Sacramento.

It is further ordered that defendants pay all plaintiff's costs and disbursements incurred by reason of the removal proceedings.