Louis **MILBURN**, Plaintiff,

v.

**BLACKFRICA PROMOTIONS, INC.,**
**et al., Defendants.**

**No. 73 Civ. 3089.**

United States District Court,
S. D. New York.

May 23, 1974.

---

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The litigious plaintiff Louis Milburn filed this suit against Blackfrica Promotions, Inc., its president Marvin Kelly, and its vice-president Lloyd Williams. The gravamen of the complaint is the allegation that the defendants retain possession of numerous stories and songs which were written by the plaintiff and which the plaintiff seeks to have returned.

Two defendants, Blackfrica Promotions, Inc. and Lloyd Williams, were apparently served on August 2, 1973. To this date no answer has been filed by either of the defendants served. The plaintiff had their default noted by the Clerk of the Court and now seeks a default judgment. Attempts to serve the third defendant, Marvin Kelly, have apparently been futile and thus no default has been noted as to him.

Before entering a default judgment, the Court must, under the mandate of Rule 12(h)(3) Fed.R.Civ.P., first determine whether or not it has subject matter jurisdiction over the case. See Carignan v. United States, 48 F.R.D. 323, 326 (D.Mass.1969); 6 J. Moore, Federal Practice ¶ 55.02[3], at 55–14 (2d ed. 1972). Plaintiff asserts that jurisdiction in this case is based on 18 U.S.C. §§ 371 & 1341 and 28 U.S.C. § 1343.

■ The two sections of Title 18, U.S.C., relied upon by the plaintiff relate to the criminal offenses of mail fraud and conspiracy to commit mail fraud. These provisions provide absolutely no jurisdictional basis for the plaintiff's claim because the prosecution of these criminal offenses has been entrusted solely to the federal government. Private litigants cannot sue to redress the offenses defined in Sections 371 and 1341 of Title 18, U.S.C.

■ The other jurisdictional basis relied on by the plaintiff is 28 U.S.C. § 1343, the jurisdictional counterpart of

Louis Milburn, Pro Se, Stormville, N.Y.

No appearances for defendants.

the civil rights statutes, 42 U.S.C. §§ 1983 and 1985. Under Section 1983 the constitutional deprivation alleged must have occurred "under color of state law". See e. g., United States v. Wiseman, 445 F.2d 792 (2d Cir.), cert. denied, 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 287 (1971); Palermo v. Rockefeller, 323 F.Supp. 478 (S.D.N.Y.1971). Even giving this pro se complaint the broad reading mandated by Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the wrong alleged involves a private dispute between private citizens and is not in any way alleged to have been performed "under color of state law".

 While the absence of state action defeats Section 1983 jurisdiction it does not, *in itself*, defeat Section 1985 jurisdiction. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). However, for the plaintiff to base this claim on Section 1985 he must meet two other statutory prerequisites: first, there must be a conspiracy between two or more persons; and second, the purpose of the conspiracy must have been to deprive the plaintiff of the equal protection of the law. In this case plaintiff fails to meet both of these prerequisites.

First, the only "conspiracy" alleged is between a corporation and two of its officers acting in their corporate capacity. This is not a conspiracy because "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the [officers] are the acts of the corporation." Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). Since a "corporation could not conspire with its managing officers and agents who maintained no business identity separate from the corporation itself," the complaint fails to allege the jurisdictionally requisite conspiracy. Tamaron Distributing Corp. v. Weiner, 418 F.2d 137, 139 (7th Cir. 1969); New Amsterdam Cheese Corp. v. Kraftco Corp., 363 F.Supp. 135 (S.D.N.Y. 1973).

This failure to allege an actionable conspiracy is sufficient to deprive the plaintiff of Section 1985 jurisdiction. However, plaintiff's complaint also fails to meet another Section 1985 requirement: it fails to allege any wrongs that rise to the level of a constitutional denial of equal protection of the laws. Section 1985 was not "intended to apply to all tortious conspiratorial interferences with the rights of others . . . there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, *supra*, 403 U.S. at 101–02, 91 S.Ct. at 1798 (footnote omitted); Crabtree v. Brennan, 466 F.2d 480, 481 (6th Cir. 1972). No racial or class-based discrimination is alleged by the plaintiff.

Since all of the jurisdictional bases relied on by the plaintiff are defective and since even the broadest reading of his complaint fails to suggest any other basis for jurisdiction, I find that I have no subject matter jurisdiction over this case. The plaintiff's motion for default judgment must therefore be denied and the complaint is to be dismissed as against all defendants.

So ordered.