865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eric LAUPOT, Plaintiff-Appellant,
v.
William BERLEY, Executor of the Estate of Harry Berley,
Deceased, Defendant- Appellee.
 No. 88-2137.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 7, 1988.
Decided: Dec. 8, 1988.
Rehearing and Rehearing En Banc Denied Jan. 6, 1989.
 
 Eric Laupot, appellant pro se.
 Thomas E. Albro (Smith, Taggart, Gibson & Albro), Robert J. Zastrow (Zastrow, Stroock & Levan), for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eric Laupot, a Virginia resident, appeals the district court's order dismissing his suit against the New York executor of the estate of a New York decedent for lack of personal jurisdiction. We affirm.
 
 
 2
 Laupot alleges that the decedent, a trustee of a trust fund of which Laupot is a remainderman, converted assets of the trust to his own use and filed fraudulent accountings regarding the assets in the trust with the New York County Surrogate's Court. Laupot also alleges that one of these allegedly fraudulent accountings was mailed to his sister in Virginia and received by his mother, a Virginia resident, who forwarded the accounting to his sister in either New York or California. Laupot received a copy of the accounting in Oregon, where he then resided; he later moved to Virginia. He subsequently received in Virginia several other allegedly fraudulent mailings relating to the trust. Laupot contends that the Virginia courts have personal jurisdiction over the New York defendant because the accounting and other documents were mailed from New York to Virginia, where Laupot's mother resided and where Laupot now resides. We disagree.
 
 
 3
 Laupot rests his claim of personal jurisdiction on two subsections of the Virginia long-arm statute. The relevant section provides:
 
 
 4
 When personal jurisdiction over person may be exercised.
 
 
 5
 A. A court may exercise jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 3. Causing tortious injury by an act or omission in this Commonwealth;
 
 
 9
 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth[.]
 
 
 10
 Va.Code Ann. Sec. 8.01-328.1(A)(3), (4) (1984). The first of these subsections does not apply because neither the defendant nor the defendant's decedent engaged in any sort of business activity in Virginia, resided in Virginia, or even, so far as the record shows, visited Virginia. Thus neither one could, under subsection 3, have ever acted or omitted to act in Virginia.
 
 
 11
 Laupot's contention that subsection 4 of the Virginia long-arm statute creates personal jurisdiction over the defendant rests on his assertion that the allegedly fraudulent accounting and other documents were mailed to Virginia. Laupot contends in part that the Virginia courts ought to take jurisdiction over his civil suit because in a criminal mail fraud action Virginia, the place where the accounting and other allegedly fraudulent documents were delivered, would be a proper venue for prosecution. 18 U.S.C. Sec. 1341 (1970); Salinger v. Loisel, 265 U.S. 224 (1924). However, no private cause of action arises under this statute. Milburn v. Blackfrica Promotions, 392 F.Supp. 434 (S.D.N.Y.1974). The mail fraud statute, then, is not an appropriate basis for personal jurisdiction over the defendant.
 
 
 12
 The reach of subsection 4 of the Virginia long-arm statute is coextensive with the due process requirement of minimum contacts. This Court recently held in Peanut Corp. of America v. Hollywood Brands, Inc., 696 F.2d 311 (1982):
 
 
 13
 When jurisdiction is sought pursuant to a long-arm statute, a dual analysis is normally required: first, it must be determined whether the statutory language, as a matter of construction, purports to assert personal jurisdiction over the defendant; and second, assuming that the answer to the first question is affirmative, it must be determined whether the statutory assertion of personal jurisdiction is consonant with the Due Process Clause of the United States Constitution. Haynes v. James H. Carr, Inc., 427 F.2d 700, 703 (4th Cir.1970). The two may be interrelated, however. The Virginia long-arm statute, as in the case of other state statutes as well, has been construed to extend in personam jurisdiction to the outmost perimeters of due process.
 
 
 14
 696 F.2d at 313; see also John G. Kolbe, Inc. v. Chromodern Chair Co., 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971) ("It is manifest that the purpose of Virginia's long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this state to the extent permissible under the due process clause.") Because the Virginia statute is coextensive with the due process requirement of minimum contacts, Laupot's assertion of personal jurisdiction over the appellee will be analyzed under the constitutional minimum contacts test.
 
 
 15
 Personal jurisdiction is not proper under subsection 4 because the only contact which defendant had with Virginia was the mailing of several documents, including the accounting. As the defendant did not avail himself of the privileges and benefits of Virginia law by virtue of these mailings, he could not reasonably expect to be haled into court in Virginia. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980); Chung v. NANA Development Corp., 783 F.2d 1124 (4th Cir.1986). Therefore, the minimum contacts test has not been met and the Virginia courts do not have personal jurisdiction over the defendant. Cf. Hanson v. Denckla, 357 U.S. 235 (1958); see also Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408 (1984).
 
 
 16
 We find no error in the district court's dismissal for lack of personal jurisdiction. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 17
 AFFIRMED.