THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY MILLER, Defendant.

Court of General Sessions, New York County, March 6, 1934.

*William C. Dodge, District Attorney [Louis Capozzoli, Assistant District Attorney, of counsel], for the plaintiff.*

*Harry E. Grauer, for the claimant.*

FRESCHI, J.   The complainant, Jacob Chartoff, moves for an order of this court directing the property clerk of the police department of the city of New York to return to him (Jacob Chartoff) fifty dollars

which he claims is his property now in possession of the police department and held as evidence, being the alleged subject-matter of the larceny charged in this case. The moving papers here show that about September 15, 1933, while the complainant Chartoff was in the Canal street subway station of the Brooklyn Manhattan Transit railroad, he was jostled by the defendant and the said moneys were taken from complainant's pocket. When this defendant was arrested a small envelope bearing the complainant's name and containing fifty dollars was found on the platform of said subway station, where it is claimed the envelope was thrown by this defendant. The money was used as evidence in the magistrate's hearing and then turned over to the property clerk, who now holds the same as custodian under sections 331 *et seq.* of the Greater New York Charter. The district attorney claims that the aforesaid moneys will be needed as evidence in this action. After a magistrate's hearing, the defendant was held and indicted for grand larceny. Subsequently he was bailed and absconded. Upon the forfeiture of bail a bench warrant was issued by this court December 12, 1933, for the apprehension of this fugitive, who still remains at large.

Sections 685 *et seq.* of chapter XII of the Code of Criminal Procedure apply to the disposal of property stolen and embezzled. The statute provides: " When property, alleged to have been stolen or embezzled, comes into the custody of a peace officer, he must hold it, subject to the order of the magistrate authorized by the next section to direct the disposal thereof."

The temporary retention of chattels alleged to have been stolen, pending the prosecution of the alleged thief, is within the police power. (*Simpson* v. *St. John*, 93 N. Y. 363.) It is deemed necessary in furtherance of public justice to hold the property until determination of the case. (Code Crim. Proc. § 686.) Before an order for restoring the property to its owner can be made, there must be proof of title. (Code Crim. Proc. §§ 687, 688.)

Under the circumstances, and in view of possible adverse claim of ownership, it is my opinion that the complainant here must be relegated to his civil remedies, if he has any, where the property clerk refuses voluntarily to surrender the property. (*Duboff* v. *Haslan*, 195 App. Div. 117; *People ex rel. Simpson* v. *Kempner*, 208 N. Y. 16, 24.) Certainly, this court should make no such order as is now sought until the termination of this prosecution.

Motion denied.