### UNITED STATES v. MOORE.

United States District Court
S. D. New York.
Sept. 23, 1952.

Myles J. Lane, New York City, for petitioner.

Robert Mitchell, New York City, for respondent.

EDELSTEIN, District Judge.

Defendant moves under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order directing the return of $1,500 in currency and one diamond ring. Cash in excess of $1,800 was taken from her husband at the time of his arrest, which occurred after he had shot and mortally wounded an F.B.I. agent while agents were seeking to apprehend him on an outstanding warrant charging him with the robbery of a Kansas bank of more than $60,000. The defendant was subsequently arrested and charged with be-

ing an accessory after the fact of the bank robbery, and the diamond ring, which she admits was given to her by her husband, was at that time taken from her person.

█ It is contended that of the more than $1,800 taken from defendant's husband, she had previously entrusted the sum of $1,500 to him for safe-keeping, and that amount remained a debt to her from him. It is not alleged nor has it been established that any of the cash taken from the husband was the specific cash allegedly previously given to him. In fact, it appears unlikely, to say the least, that the defendant had $1,500 to entrust to her husband. But in any event, since she does not claim ownership or possession of the specific property seized, she is not a "person aggrieved" within the meaning of Rule 41(e), and has no standing to recover the money. Connolly v. Medalie, 2 Cir., 58 F.2d 629.

█ She is, however, a "person aggrieved" with respect to the diamond ring, in so far as she is the owner of it. But whether its seizure was unreasonable depends on whether it can be described as the fruit of the crime for which she was arrested. Harris v. United States, 331 U. S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399. It is true that there has been no specific identification of the ring as one bought with proceeds of the bank robbery. But this is not a case where no plausible connection or relation has been shown between the item seized and the crime for which defendant was arrested. Compare In re Ginsburg, 2 Cir., 147 F.2d 749. If the search and seizure had been attempted pursuant to a warrant, I believe that probable cause for its issuance would exist. It appears that the defendant's husband had been at liberty less than one year from 1935 until the date of his capture on July 26, 1952. Investigation by agents of the Federal Bureau of Investigation has revealed evidence that in the early months of 1952, subsequent to the bank robbery, he traveled in the eastern part of the country, spending large sums of money without being engaged in any legitimate enterprise. The ring is described by the defendant as an engagement ring, and she met her husband at the end of May, marrying him a few days later.

In the circumstances, I feel that the facts of this case are clearly distinguishable from those of In re Ginsburg, supra, and accordingly, the motion will be denied.