UNITED STATES of America
v.
Abraham NIRENBERG, Defendant.
Cr. No. 44334.

United States District Court
E. D. New York.

Sept. 14, 1956.

---

Leonard P. Moore, U. S. Atty., Eastern District of N. Y., Brooklyn, N. Y., for U. S.

Abraham Nirenberg, pro se.

BRUCHHAUSEN, District Judge.

The defendant, subsequent to his conviction in this Court on charges of bank robbery, the use of dangerous weapons in the commission thereof and conspiracy, moves for an order directing the return to him of articles of personal property, seized by the officers at the time of and in connection with his arrest, which took place in Buffalo in the Western District of New York.

The defendant cites Rule 41(e) of the Rules of Criminal Procedure, 18 U.S.C.A., in support of the motion, providing, in substance, that a person aggrieved by an unlawful search and seizure may move in the district court wherein the property was seized for the return of the property and suppression of its use as evidence; that the motion shall be made prior to trial, or, under special circumstances at the trial and that the motion to suppress evidence may also be made in the district wherein the trial is to be had.

■ It is apparent that no such motion may be made subsequent to the trial. Furthermore, it is plain that a motion for the return of the property could not be made in this district.

■ None of the seized property was used as evidence at the trial. There was and is no determination that the property was illegally seized. In fact it is settled law that instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, and property the possession of which constitutes a crime, may be seized during the course of a search incidental to an arrest. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, and cases cited.

In United States v. O'Dowd, D.C.N.D. Ohio, 273 F. 600, at page 602, the Court said:

"It [the United States Supreme Court] has not yet held that a thief is entitled to have returned to him stolen goods found in his possession and seized by an officer without a search warrant. It has not yet held that a burglar, a counterfeiter, or a smuggler, has a similar right to the return of the implements and tools of his trade and crime, merely because possession of them was obtained as the result of an unreasonable search and seizure."

■ Illegally seized property is not required to be returned when it is contraband or forfeitable. Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, affirming 88 U.S.App.D.C. 58, 187 F. 2d 498.

The articles the defendant seeks the return of are:

1. A check from the New York Telephone Company, camera, personal jewelry, and clothing.

2. Three Series E United States Savings Bonds.

3. Cash.

4. An automobile.

As to item 1, the Government has consented to, and may already have returned them.

■■ As to items 2, 3 and 4, they appear to be the fruits of the crimes, although in a converted state. United States v. Moore, D.C.S.D.N.Y., 107 F. Supp. 393; United States v. Howard, D.C.Md., 138 F.Supp. 376; United States v. Klapholz, D.C.S.D.N.Y., 17 F.R.D. 18; compare In re Ginsburg, 2 Cir., 147 F.2d 749. A thief acquires no title in what he has stolen, and is immediately accountable therefor without any election on the owner's part. McKnight v. Commissioner of Internal Revenue, 5 Cir., 127 F.2d 572.

■ An aggrieved party may pursue his common law remedies in trespass against offending law enforcement officials, Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Jennings v. Nester, 7 Cir., 217 F.2d 153; Hammel v. Little, 66 App.D.C. 356, 87 F.

2d 907; People v. Defore, 242 N.Y. 13, 150 N.E. 585, certiorari denied 270 U.S. 657, 46 S.Ct. 353, 70 L.Ed. 784; People v. Miller, 150 Misc. 791, 270 N.Y.S. 233; apply for administrative relief, United States v. Nobles, D.C.N.J., 109 F.Supp. 8; United States v. Bell, D.C.D.C., 120 F.Supp. 670; or if the goods are contraband, or otherwise forfeitable, assert his rights as a claimant when a libel is filed. 28 U.S.C.A. § 2461; In re Behrens, 2 Cir., 39 F.2d 561; United States v. Tuzzo, D.C.N.J., 9 F.R.D. 466.

As stated in United States v. Casino, D.C.S.D.N.Y., 286 F. 976, 978:

"It is clear that the owner of property unlawfully seized has without statute no summary remedy for a return of his property. * * * He may have trespass, or, if there be no statute to the contrary, replevin; but, just as in our law no public officer has any official protection, so no individual has exceptional remedies for abuse of power by such officers."

See McKinney's New York Code Cr. Proc., § 685 et seq.

Even if the automobile were not the "fruit of crime," since it does not appear when it was purchased, it is forfeitable under Title 49 U.S.C.A. § 781 et seq., as having been used to transport contraband firearms.

Since it was not seized, and is not now, within the confines of this district, this would not be the proper forum in any event. 28 U.S.C.A. § 1395.

The three Series E, United States Savings Bonds, purchased after the commission of the crime, are not even in the defendant's name. The burden of proving ownership rests with the claimant. United States v. Daniels, D.C.N.J., 10 F.R.D. 225; United States v. 1–1941 Ford 2 Ton Truck, etc., D.C.Mo., 95 F.Supp. 214; Chicco v. United States, 4 Cir., 284 F. 434.

The motion is denied.