398 F.2d 817
 Alan McSURELY, Margaret McSurely, Southern Conference Educational Fund, Inc., the National Conference for New Politics, and Vietnam Summer, Appellants, and
Joseph Mulloy, Intervenor,
v.
Thomas B. RATLIFF, Commonwealth's Attorney for the 35th Judicial District, Pike County, Kentucky; Perry A. Justice, Sheriff of Pike County, Kentucky; Grover Atkins, Jailer of Pike County, Kentucky; and Robert L. Matthews, Attorney General for the Commonwealth of Kentucky, Appellees, and
United States of America, Intervenor.
 No. 18638.
 United States Court of Appeals Sixth Circuit.
 July 29, 1968.
 
 Morton Stavis, Newark, N. J. (Dan Jack Combs, Pikeville, Ky., Arthur Kinoy, William B. Kumstler, New York City, on the brief), for appellants.
 Robert V. Zener, Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., George B. Cline, U. S. Atty., Lexington, Ky., on the brief), for appellees.
 Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.
 PER CURIAM.
 
 
 1
 State and local authorities of Kentucky commenced a prosecution of Alan McSurely and wife, Margaret McSurely, under the Anti-Sedition Law of the Commonwealth, KRS 432.040. Numerous books, pamphlets and documents were seized in connection with the arrests.
 
 
 2
 The McSurelys brought an action in the United States District Court to enjoin the prosecution, invoking the doctrine of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. A three-judge District Court held the Anti-Sedition statute to be unconstitutional on the grounds of vagueness and federal preemption. 282 F.Supp. 848. Enforcement of the statute and the pending State criminal prosecution were enjoined. No appeal was taken from this decision. The District Court directed that the seized documents be retained in the possession of the Commonwealth attorney for safekeeping until final disposition of the case by appeal or otherwise.
 
 
 3
 After the decision of the District Court and before the time for appeal had expired, subpoenas duces tecum ordering production of certain of the seized documents were issued by the Permanent Subcommittee on Investigations of the Committee on Government Operations of the United States Senate. The Subcommittee issued the subpoenas in connection with its investigation of riots and civil disturbances. Identical subpoenas were served upon Mr. and Mrs. McSurely, the Commonwealth attorney and the United States Marshal.
 
 
 4
 The McSurelys filed motions in the District Court for an order directing the return of the seized documents and seeking to enjoin the release of the documents pursuant to the subpoenas. The District Court denied this motion and ordered the parties to the action and officers of the court to cooperate with the Senate Committee in making available such material, or copies thereof, as the Committee considers pertinent to the inquiry, but in a manner to keep the materials intact for use in the event of appeal.
 
 
 5
 The Supreme Court dismissed an appeal for want of jurisdiction. McSurely et al. v. Ratliff, 390 U.S. 412, 88 S.Ct. 1112, 19 L.Ed.2d 1272. The stay order previously granted by the Supreme Court was continued in effect pending an appeal to this Court. Two other orders of the Supreme Court are reported at 390 U.S. 914, 88 S.Ct. 845, 19 L.Ed.2d 974 and 389 U.S. 949, 88 S.Ct. 313, 19 L.Ed.2d 358.
 
 
 6
 The single issue now before this Court is whether the District Court erred in refusing to return to their owners documents which were seized in aid of a prosecution under an unconstitutional statute, now that the time for appeal has expired. We conclude that this question must be answered in the affirmative. The business of the District Court in this case has been completed. The right of the Court to retain possession of the seized documents, which include no contraband, has expired.
 
 
 7
 Appellants undertake to raise numerous questions concerning the validity and interpretation of the Senate Resolution and the breadth of the investigation authorized thereby. They also assert that the subpoenas violate their rights under the First and Fourth Amendments. These questions may be adjudicated under the appropriate procedure for challenging subpoenas of Congressional Committees. We decline to render an advisory opinion on these issues.
 
 
 8
 An order will be entered reversing the judgment of the District Court, without prejudice to the right of the Senate Committee to proceed with the enforcement of the subpoenas against Mr. and Mrs. McSurely.