UNITED STATES of America

v.

German ORTEGA, Defendant.

No. 77 Cr. 779 (CHT).

United States District Court,
S. D. New York.

May 18, 1978.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, by Kenneth V. Handal, Asst. U. S. Atty., New York City, for the Government.

Bohrer & Ullman, by Jeffrey D. Ullman, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant German Ortega pleaded guilty on December 5, 1977 to one count of conspiracy to distribute cocaine and one count of distribution of cocaine. On January 30, 1978, he was sentenced to a term of imprisonment, which he is presently serving. At the time of his arrest, Ortega's briefcase was seized and was found to contain $13,200 in American currency. That property was the subject of a timely pretrial motion to suppress its use as evidence and to return it to Ortega; this motion became moot with Ortega's guilty plea. Ortega now moves

for the return of the money, contending that there is no valid reason for its retention by the Government. For the reasons stated below, the motion is granted.

[1] Jurisdiction over this application lies in this Court as ancillary to jurisdiction over the criminal proceeding. As the court stated under virtually identical circumstances in *United States v. Wilson*, 176 U.S. App.D.C. 321, 325, 540 F.2d 1100, 1104 (1976):

> Property which is seized in a criminal proceeding . . . may be ultimately disposed of by the court in that proceeding or in a subsequent civil action. It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case.

While the instant case never went to trial, this Court has become familiar with its facts and circumstances in the process of taking the guilty pleas of the three defendants involved and in passing sentence upon these defendants. Thus, the assignment of this application to another judge of this court as a separate civil case would be a needless waste of judicial time and energy. *Id.* 176 U.S.App.D.C. at 324, 540 F.2d at 1103.

■ The defendant stated under oath, and the Government has offered no evidence to the contrary, that $10,000 of the money in the briefcase represented the proceeds of the cocaine prosecution upon which the defendant was convicted and that the remaining $3,200 was what was left of the money that he had brought into the country to pay his expenses. Documentary evidence shows that Ortega obtained $2,500 in United States currency by exchange in his native Chile before he departed for this country; he stated under oath that the remainder of the money was obtained legally in a prior trip to the United States in August 1977. Affidavit of German Ortega, sworn to February 9, 1978. The evidence also showed that the $10,000 and the $3,200 were in separate parts of the briefcase seized and that Ortega had to point out the $10,000 to the arresting agent, who had

only found the $3,200. Thus, the Court concludes that $3,200 of the seized money was the legally obtained personal property of Ortega and that $10,000 was the product of an illegal drug transaction.

There is no doubt that the $3,200 should be returned to Ortega. The Government opposed such return only on the ground that the origin of this fund was not established with sufficient clarity, an argument which the Court has rejected.

■ With respect to the $10,000, the Government argues that it should be retained because it has evidentiary value in any future prosecution of other individuals who participated in this drug transaction. The Court cannot conclude, however, that the actual notes of currency now in the possession of the Government would be in any way significant as evidence in the prosecution of any other individuals. First, the defendant states that these bills are not the ones obtained from the cocaine seller but were obtained in a laundering transaction at a commercial bank in New York City. Second, the fact that Ortega had in his possession the proceeds of the transaction is well established on the record. Third, the Government may photograph the money and use the resulting pictures should any future prosecution so require.

It is also contended that the $10,000 should be retained because it is income and as such is subject to taxation by the Internal Revenue Service. However, any action that the IRS may desire to take in connection with this money will not be part of this proceeding and thus is without significance on this application. *See United States v. Wilson, supra,* 176 U.S.App.D.C., at 325, 540 F.2d at 1104.

It is perhaps startling and certainly disconcerting that a substantial sum of money admittedly the proceeds of an illegal drug transaction is not subject to forfeiture as would be an automobile which played no more than a minor role in that transaction. *See United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421 (2d Cir. 1977); 21 U.S.C. § 881. At the current time, how-

ever, that loophole exists in the federal criminal code and cannot be closed by judicial action. Accordingly, the Government is directed to return the $13,200 seized from German Ortega at the time of his arrest to him within ten days of the filing of this Memorandum, which interval should suffice for the taking of any photographs.

So ordered.