UNITED STATES of America

v.

Salvatore Ignatius TOTARO.

Crim. No. M–75–0183.

United States District Court,
D. Maryland.

March 19, 1979.

Russell T. Baker, Jr., U.S. Atty., and Donald H. Feige, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Salvatore Ignatius Totaro, defendant pro se.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

Defendant, Salvatore Ignatius Totaro, has filed *pro se* a "Motion for the Return of Illegally Seized Funds" pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure (Paper 54) and a "Motion for Summary or Default Judgment" on his claim for the return of the funds (Paper 55). The United States of America (USA) has filed a response to defendant's motions in which it contends that the court should dismiss the motion for the return of seized property because it lacks subject matter jurisdiction over the claims (Paper 56).

## FACTS

Defendant Totaro was arrested on February 27, 1975 by Federal Bureau of Investigation (FBI) agents upon a complaint charging him with making extortionate extensions of credit in violation of 18 U.S.C. § 892 and collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894.

Defendant alleges that following his arrest $1,400 in United States currency was

seized from his person by Federal Agents. He alleges that $400 of this amount was in a sealed white envelope. Defendant further alleges that while searching his residence pursuant to a warrant, FBI Agents seized an additional $980 in United States currency from defendant's personal clothing. Defendant alleges that the FBI agents advised him that the monies would be returned to him after "clearance" by their office and that he was given a written receipt for the $980 seized during the search of his residence. (Paper 54).

On March 4, 1975 defendant was indicted in Criminal Case No. M–75–0183 in this District for violations of 18 U.S.C. §§ 892 and 894. On the same date he was also separately indicted for violations of 18 U.S.C. § 2113 (bank robbery) in Criminal Case No. M–75–0182. Defendant was tried, found guilty and sentenced in both cases. He is presently serving five year concurrent sentences in Criminal No. 75–0183 and is under a twenty year consecutive sentence in Criminal No. 75–0182.

Defendant filed timely motions to suppress the evidence seized in the search of the residence in both Criminal No. M–75–0182 and Criminal No. M–75–0183, (Paper 8 in Criminal No. M–75–0182; Paper 11 in Criminal No. M–75–0183). Both motions were denied. (Paper 18 in Cr. M–78–0182; Paper 29 in Cr. M–78–0182). These motions did not request the return of any of the property seized. Defendant appealed from the convictions in both cases. The convictions were affirmed on appeal on September 7, 1977 (Cr. M–78–0182 Paper 32) and February 7, 1977 (Cr. M–78–0183 Paper 48). The Supreme Court denied certiorari in Cr. M–78–0183 on May 16, 1977 (Paper 50).

Defendant alleges that none of the seized funds were introduced as evidence against him in Criminal No. M–75–0183. In Criminal No. M–75–0182, two twenty dollar bills ($20) from the sealed white envelope taken from defendant's person were introduced in evidence. Defendant seeks an order compelling the USA to return to him all funds

seized in the search of his residence, i. e., $980, and all the funds seized from his person except the forty dollars ($40) introduced in the evidence in his bank robbery trial, i. e., a total of $1,360.

In its response to defendant's motion the USA states, without supporting affidavits or other documentary evidence, that only $359 was actually seized from defendant's person by the FBI agents—three hundred dollars ($300) in a white envelope and fifty-nine dollars ($59) from his pockets. (Paper 56). The USA admits that $980 was seized at the residence.

## DISCUSSION

The initial question for this court is whether it has subject matter jurisdiction over defendant's claim for return of seized funds. Defendant relies upon Rule 41(e) F.R.Cr.P. which provides:

> (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

The USA argues that Rule 41(e) is unavailable to a criminal defendant after conviction. Two of the three cases cited by the USA in support of this contention were decided under an earlier version of Rule 41(e). *See Bartlett v. United States*, 317 F.2d 71 (9th Cir. 1963); *United States v. Nirenberg*, 19 F.R.D. 421 (E.D.N.Y.1956).[1]

---

1. At the time of the *Bartlett* and *Nirenberg* decisions Rule 41(e) provided:

"A person aggrieved by an unlawful search and seizure may move the district court for

In *Nirenberg* the court read Rule 41(e), as it then existed, as requiring that both motions to suppress and motions for return of property be filed prior to trial, or in special circumstances at trial, but in no event subsequent to trial.[2] The court indicated that defendant might pursue common law or administrative remedies and that he could assert his rights as a claimant if forfeiture proceedings were instituted. *Id.* at 422–423.

The Ninth Circuit, in a *per curiam* opinion, adopted the holding of the district judge in *Nirenberg* that a defendant has no right under Rule 41(e), F.R.Crim.P. after conviction, *Bartlett v. United States*, 317 F.2d 71 (9th Cir. 1963).

The third opinion cited by the USA in support of this contention, *United States v. Rapp*, 539 F.2d 1156 (8th Cir. 1976), was decided under the present version of Rule 41(e). In *Rapp*, quoting the Ninth Circuit's *per curiam* opinion in *Bartlett*, Judge Heaney for the court denied the Rule 41(e) motion in that case on the alternative ground that it had been filed after the defendant had pled guilty and been sentenced. The primary holding in *Rapp*, however, was that, in any event, due to the provisions of Rule 54(b)(5), Rule 41(e) could

not provide a jurisdictional basis in the circumstances of that case which involved a motion to return property which had been the subject of civil forfeiture proceedings.

■ The USA's argument overlooks several recent cases which have allowed a defendant to proceed on a motion for return of seized property after conviction. The leading case is *United States v. Wilson*, 176 U.S.App.D.C. 321, 540 F.2d 1100 (1976). In *Wilson*, the defendant had made a pre-trial motion for the return of cash seized during a search of his apartment pursuant to a search warrant. He subsequently pled guilty without pressing the motion but did make an oral motion for return of the cash at the time of sentencing which was not ruled on. Several months later, after fruitless attempts to resolve the claim, defendant filed a motion in the criminal case for return of the money. It was the denial of this last motion which was before the Court of Appeals for the District of Columbia. *Id.* 1101–1102. Judge MacKinnon, for the court, considered the Government's arguments in turn. First, he found that ancillary jurisdiction to dispose of the property existed under the criteria of *Morrow v. District of Columbia*, 135 U.S.App.D.C. 160, 417 F.2d 728 (1969)[3] even though sentenc-

---

the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probably cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. *The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.*"
(Emphasis added).

This version of Rule 41(e) applied to both motions to suppress and motions for return of property illegally seized and allowed motions to suppress to be brought in either the district where the property was seized or the district of trial. The 1972 amendments to Rule 41 added subdivision (f) to require that motions to suppress be made in the district of trial as provided in Rule 12. Under the present version of Rule 41, subsection (e) deals only with motions for return of property illegally seized, but provides that if such a motion ". . . is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."

2. As an alternative ground for holding Rule 41(e) inapplicable, the court found that the motion for return of property could not be made in the district since the property was seized in another district.

3. The *Morrow* criteria for ancillary jurisdiction are:

"[A]ncillary jurisdiction should attach where: (1) the ancillary matter arises from

ing had taken place. *Id.* at 1103. Second, he turned to the Government's argument that Rule 41(e) was inapplicable because defendant had by his guilty plea waived any claim of illegality of the search and seizure. The court's opinion recognized the failure of the Federal Rules of Criminal Procedure to discriminate between proceedings to suppress evidence and proceedings for the return of seized property but held that the court had both the jurisdiction and the duty to return the seized property once its need for the property terminated regardless of the validity of the search and seizure. Judge MacKinnon for the court went on to say that property seized in a criminal case may be disposed of either in the criminal proceeding or in a separate civil action but that judicial economy favored having the matter disposed of in the criminal proceeding by the judge who tried the case. *Id.* at 1103–1104.

Finally, after agreeing with the Government's argument that the defendant's claim could have been asserted in a civil proceeding, the court's opinion concluded that the availability of civil remedies did not discharge the court's duties nor disturb its jurisdiction. *Id.* at 1104.

The Ninth Circuit has adopted the holding of *Wilson* and apparently rejected its earlier *per curiam* opinion in *Bartlett, supra.* In *United States v. Palmer,* 565 F.2d 1063 (9th Cir. 1977), it was held that jurisdiction existed over the defendant's post-conviction motion for the return of personal property and cash which were seized at the time of his arrest and were placed in evidence at his trial. *Id.* at 1064. The court concluded that in the absence of any cognizable adverse claim of ownership or right to possession the district court should have returned the seized money to the defendant. *Id.* at 1065.

The Sixth Circuit has also approved of the *Wilson* doctrine that judicial efficiency dictates that motions for return of seized evidence be resolved by the criminal trial court. *United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir. 1977). In *LaFatch,* Chief Judge Phillips, for the Court, said:

> "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated. *See McSurely v. Ratliff,* 398 F.2d 817 (6th Cir. 1968)." *Id.* at 83.

The *Wilson* holding was followed in a recent case from the Southern District of New York, *United States v. Ortega,* 450 F.Supp. 211 (S.D.N.Y.1978). As in *Wilson,* the defendant Ortega had filed a pretrial motion to suppress and for return of the seized property but had subsequently pled guilty. The district judge found that jurisdiction over the post-conviction motion to return money was ancillary to jurisdiction over the criminal proceeding. In *Ortega,* the defendant had admitted that most of the money seized was derived from an illegal drug transaction. Nevertheless, since such proceeds are not subject to forfeiture, the court ordered the government to return to the defendant the full amount seized from him at the time of his arrest.

The weight of authority supports the court's jurisdiction over post-conviction motions for return of seized property as being ancillary to its jurisdiction over the criminal case. Although Rule 41(e) by its terms applies only to return of *illegally* seized evidence, it has been held that federal district courts have both the jurisdiction and the duty to order the return of seized evidence to its rightful owner, whether or not the seizure was illegal, once the need for the evidence has terminated. This being the case, it seems to be irrelevant whether a motion for return of the seized property

the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an

ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated." 417 F.2d 740.

was made prior to trial or conviction.[4] Indeed, where there is no allegation that the property was illegally seized, there may be no basis for a motion for return of property until after trial since the property seized may be used as evidence in the trial.

▮ The USA has also asserted that Totaro's claim is barred by the two year statute of limitations prescribed by 28 U.S.C. § 2401(b) which states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues . . . ." Part (a) of this section states "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Although none of the cases upholding jurisdiction over a post conviction motion for return of seized property address the question of whether such a motion must be filed within a certain period, the cases make it clear that the motion is a proceeding which is ancillary to the entire criminal proceeding. Therefore, this motion does not appear to be a new cause of action for a tort claim against the Government. In *Menkarell v. Bureau of Narcotics*, 463 F.2d 88 (1972), the Third Circuit held that an action challenging a seizure and forfeiture by the Government was not subject to the two year period of limitations of § 2401(b). The court stated that this section "was designed to constitute a bar only to those actions as to which [the Federal Tort Claims Act] first eliminated the bar of sovereign immunity." *Id.* at 90.

The USA cites one case which applied the two year statute of limitations to an action in which a prisoner was seeking to recover personal property taken from him at the time of his arrest. *Carignan v. United States*, 48 F.R.D. 323 (D.Mass.1969). *Carignan* was clearly an action in replevin, however, and was not based on a motion filed in the criminal case.

The motion in this case is not an action in tort subject to a two year limitations period.

▮ It might also be argued that the principle of laches should bar Totaro's motion to recover the money. It does not seem, however, that the delay between the defendant's trial (June, 1975), when the seized money may have been sought to be introduced into evidence and the date of the motion (September, 1978) was unreasonable. During that time Totaro appealed his conviction to the Fourth Circuit and applied for *certiorari* to the Supreme Court, which was denied in May, 1977.

For all the reasons above, this court finds that it has subject matter jurisdiction over the instant motion. While neither party has submitted any affidavits or other documentary evidence to support their assertions as to the amount of money taken from defendant's person, there is apparently a dispute as to the exact amount of this sum. There may also be unresolved questions of entitlement to or ownership of the funds.

Affidavits shall be submitted on or before April 30, 1979 by Totaro and by the appropriate agents of the USA on the subject of the total amount of money seized from the defendant as well as upon the ownership or right to possession of such money if it is claimed to belong to someone other than Totaro.

It is so ORDERED this 19th day of March, 1979.

---

4. Both the *Wilson* and *Ortega* decisions dealt with cases where the defendant had filed timely pre-trial motions to suppress and for return of seized property. However, the *Palmer* opinion makes no mention of any pre-conviction motion having been filed in that case. Similarly there is no indication that a pre-trial motion was filed in *LaFatch*.