**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eligio RANGEL, Defendant-Appellant.**

**No. 79–1192
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Joseph J. Rey, El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., Janet Ruesch, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case the district court denied the petition of Eligio Rangel for the return of documents seized by the Immigration and Naturalization Service (INS), pursuant to warrant, from his place of business in El Paso, Texas on March 4, 1976.

After the seizure, Rangel was indicted and pled guilty to one count of conspiring to make a false statement in an Immigration and Naturalization application, 18 U.S.C.A. §§ 371, 1546, pursuant to a plea bargain agreement.

Thereafter on September 13, 1976, the district court, noting a release executed by Rangel authorizing the INS to retain and return to the rightful owners all materials seized under the search warrant, entered an order authorizing the INS to return the materials to the rightful owners.

On May 23, 1978, Rangel filed a "Petition for Return of Documents," in which he alleged that the INS had "done everything possible to comply with the court's order," but many owners of the material had not sought their records from the INS because they feared arrest. Rangel also alleged that the owners were innocent, within their rights, and had made demands upon him for the return of the materials.

After a response by the INS, the district court denied the petition. We affirm.

The district court clearly has authority to enter an order ancillary to a criminal action concerning disposition of materials legally seized in connection with the criminal investigation of that case. *See United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir. 1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978); *United States v. Palmer,* 565 F.2d 1063, 1064 (9th Cir. 1977); *United States v. Wilson,* 176 U.S.App.D.C. 321, 325, 540 F.2d 1100, 1104 (D.C. Cir. 1976); *United States v. Totaro,* 468 F.Supp. 1045, 1048–1049 (D.Md.1979); *United States v. Ortega,* 450 F.Supp. 211, 213 (S.D.N.Y. 1978).

Although there are documents belonging to about 3500 different owners, only 200 have responded to INS advertisements and retrieved their records. It is undisputed that the rightful owners can contact the INS and obtain their documents. The fact that some of these owners may have been involved in a violation of the immigration laws and therefore are hesitant to contact the INS office furnishes no reason why the documents should be returned to Rangel.

Rangel asserts no personal interest in the property. If Rangel wishes to assist in the return of the documents to their rightful owners, he can work with the INS to achieve this purpose. If, as represented by the Government, the documents contain fraudulent marriage and birth certificates or any other material that could be used to engage in frauds to which Rangel pled guilty, there is serious question as to whether such documents should be returned to their rightful owners, without investigation. *See United States v. Murphy,* 413 F.2d 1129, 1140 (6th Cir.), *cert. denied,* 396 U.S. 896, 90 S.Ct. 195, 24 L.Ed.2d 174 (1969) (Government may retain seized documents and other property not used at trial for investigations relating to other possible criminal actions).

No legal authority has been submitted to this Court on this appeal which would support a reversal of the district court's action in this case. We find no reversible error in

the district court's denial of the petition based on the record before us.

AFFIRMED.