In the Matter of the SEARCH
AND SEIZURE OF Billy
Ray SHIVERS.

No. 1:92–M–148.

United States District Court,
E.D. Texas,
Beaumont Division.

June 29, 1995.

Claude Welch, Lufkin, TX, for movant.

Thomas Kiehnhoff, Asst. U.S. Atty., Beaumont, TX, for respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS

JOE J. FISHER, District Judge.

This proceeding involves a motion for return of property seized by search warrant. *See* FED.R.CRIM.P. 41(e).

Before the Court is the report and recommendation of United States Magistrate Judge Earl S. Hines, who recommends that the motion be denied. Also pending are movant's objections.

This court has engaged in a *de novo* review of the magistrate judge's report, the record, pleadings, the objections and responses thereto, and all other available evidence. For reasons expressed in the accompanying Memorandum, the magistrate judge's proposed findings, conclusions and recommended disposition are ADOPTED, and movant's objections are OVERRULED. It is therefore

ORDERED that the "Amended Motion for Return of Property" filed by Billy Ray Shivers is DENIED.

### MEMORANDUM

This action involves a motion for return of property seized by search warrant. *See* FED.R.CRIM.P. 41(e). The property at issue is metal tokens once used as scrip by Aldridge Lumber Company.

Movant, Billy Ray Shivers, is a metal detectorist who searched for, discovered, and removed tokens from the abandoned Al-

dridge Lumber Company mill site located within Angelina National Forest, Jasper County, Texas.

The tokens were seized from movant by United States Forest Service agents. They acted under authority of a search warrant issued by a magistrate judge in reliance on an agent's affidavit stating that movant and others unlawfully converted archaeological resources in violation of the Archaeological Resources Protection Act, 16 U.S.C. § 470aa *et seq.* ("ARPA").

The motion was heard by the Honorable Earl S. Hines, United States Magistrate Judge. Following an evidentiary hearing on January 23, 1995, the magistrate judge issued a written report recommending that the motion be denied. The magistrate judge concluded that the search warrant was invalid, but that under the common law of property, movant was not entitled to lawful possession.

Movant timely objects to several findings and conclusions of the magistrate judge. This court has engaged in an independent, *de novo* review of the magistrate judge's report, the record, pleadings, the objections and responses thereto, and all other available evidence.

First, the court concludes that the magistrate judge's finding that the seized tokens were dug from the soil of the Angelina National Forest is correct under the record before the court. *See* Report of the United States Magistrate Judge at 15. Indeed, movant's objections acknowledge that digging is the primary method of metal detecting.[1]

Second, the court, concurring with the magistrate judge's analysis, reaches these conclusions of law which resolve most of the objections:

(1) The burden of proof rests with movant. *See, e.g., United States v. Marx,* 635 F.2d 436, 441 (5th Cir.1981) (burden on

---

1. Movant's objection states at page 8, "Obviously, if the tokens were not embedded in the soil, no metal detector would have been needed."

movant to show search warrant invalid);[2]

(2) Movant must show not only that the warrant was invalid and that he is aggrieved, but also lawful entitlement to the property. *See* FED.R.CRIM.P. 41, advisory committee note (1972). *See also United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1311 (5th Cir.), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1987) (movant failed to show right to lawful possession); *United States v. Rangel*, 608 F.2d 120, 121 (5th Cir. 1979) (per curiam) (same);

(3) ARPA conveys no property rights. *See* Archeological Resource Protection Act of 1979, Final Uniform Regulations, 49 Fed.Reg. 1016, 1024 (1984);

(4) Absent express or statutory title conferment, the common law of property provides the rule of decision. *Klein v. Unidentified Wrecked & Abandoned Sailing Vessel*, 758 F.2d 1511 (11th Cir.1985).

(5) Under the common law of finds, abandoned property embedded in the soil belongs to the owner of the soil. *Id.*

Movant's remaining arguments and objections suggest that unresolved material issues of fact make denial of the motion premature. Movant argued before the magistrate judge that not all of the seized tokens were found on government land. In objecting, movant further asserts he did not dig all of the holes attributed to him by the government. Finally, movant argues that United States Forest Service agents granted him permission to search for tokens, and allowed him to do so and remove them for more than two years.

■ The first argument would merit further attention were movant able to identify specific tokens. However, movant commingled the tokens and cannot differentiate between tokens obtained from government land and private land. Transcript of Hearing on Motion for Return of Property at 3 [hereinafter "Tr."].

■ The second argument is not relevant. Movant's claim to lawful possession does not turn on how many excavations are appropriately attributed to him.

■ The third issue has more initial appeal. If government agents permitted movant to dig and acquire tokens for private use, movant's claim of entitlement to lawful possession might well prevail. However, the record does not support such finding. It reflects that United States Forest Service agents granted permission for movant to search, but instructed movant that digging was prohibited. Affidavit of John Ippolito, at 1, 3. Further, movant was asked to donate any tokens discovered on the surface to the Texas Forestry Museum. *Id.* at 2. Nothing suggests government intent to authorize excavation and private collecting of the tokens.

The government's Ippolito affidavit was filed with the court two weeks in advance of the January 23, 1995 hearing. The magistrate judge carefully inquired at the outset as to any disputed issues of fact. Counsel for movant and the government were invited to respond. The only issue identified by either counsel was stated by movant's counsel as follows:

> [T]he only material facts that could possibly be in dispute, Judge Hines, would be whether or not . . . all of those tokens came from government land.

Tr. at 2–3.

■ Under these circumstances, the court is not inclined to order another evidentiary hearing. At best, movant might show confusion or honest difference of opinion as to whether he had permission to remove and privately collect tokens found on the *surface*.

**2.** Two circuits hold that once criminal prosecution ceases, the person from whom the property is seized is presumed to have a right to its return. Thus, the government has the burden of demonstrating a legitimate reason to retain the property. *See Government of Virgin Islands v. Edwards*, 903 F.2d 267 (3d Cir.1990); *United States v. Martinson*, 809 F.2d 1364 (9th Cir.1987). Both cases are factually inapposite to the present controversy because in neither did the government assert title.

If the rule of these circuits were applied here, the result would not change. The evidence concerning embeddedness in government soil of the property at issue would be sufficient to sustain the government's burden.

Were the court to determine this issue in movant's favor, movant might further succeed in securing a determination that movant is entitled to lawful possession of tokens found on the surface.[3] However, as noted earlier, this avails movant nothing absent ability to trace the tokens and separate those taken from the surface from those excavated.

### Conclusion

The court perceives that United States Forest Service Agents perhaps acted naively. Given the essential nature of metal detecting, and the attendant custom of private collecting, agents only invited crisis by authorizing hobbyists to use metal detectors to find Aldridge tokens. To permit the activities for two years but precipitously change policy was certain to compound the predicament. Then, to affirmatively pursue movant with an invasive search warrant and potential criminal prosecution has a distinct aroma of excessive zeal. However, neither arbitrariness or poor judgment by government employees constitutes a sufficient basis to conclude that title to abandoned property embedded in government soil was transferred to movant.

The proposed findings, conclusions, and recommendation for disposition of the magistrate judge are correct. An order will be entered separately adopting the magistrate judge's report, overruling movant's objections, and denying the Rule 41(b) amended motion for return of property.

---

**3.** Under the common law of finds, the "finder's keepers" rule determines lawful possession of abandoned property not embedded or constructively possessed by owner of the land. *See United States v. Gerber*, 999 F.2d 1112, 1116 (7th Cir.1993).