145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Antonio GOMEZ, aka Antonio Paz Fenisterri; aka Daniel Cruz
Madrid, Defendant-Appellee.
 No. 97-55717.
D.C. No. CV-96-06102-RJK.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Central District of California Robert J. Kelleher, Senior District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Antonio Gomez filed a motion under Fed.R.Crim.P. 41(e) seeking the return of property seized at the time of his arrest. It is uncontested that the seized cash ($8,000) was administratively forfeited and that the seized Grand Marquis automobile is registered in the name of one Salvador Beltran.[1] The remaining items, consisting of miscellaneous personal effects such as a pager and a key chain, were destroyed on January 18, 1996, almost two years after they were seized.
 
 
 3
 Gomez's appeal centers on the government's initial failure to defend the motion. The court granted default judgment in favor of Gomez on October 16, 1997 and ordered the return of his property. The Assistant U.S. Attorney Lonergan filed a motion for reconsideration twenty days later. Gomez filed a timely reply, and the court issued an order granting the government's motion for reconsideration and vacating its previous order directing the return of defendant's property.
 
 
 4
 The district court found that the government's failure to respond was excusable in light of "the confusion created by Defendant's use of an alias in the caption and his institution of a separate civil action in order to effect a Fed.R.Crim.P. 41(e) return of property." The court also concluded that the government's defenses precluded granting the motion. According to the court, Gomez had failed to controvert the government's evidence proving that the items of property had either been "duly forfeited according to administrative procedures" or "destroyed by the respective governmental agencies after a substantial period had elapsed and Defendant had made no effort to reclaim it."
 
 
 5
 Gomez appealed. He asserts that "the two factors supporting 'excusable neglect' are unreasonable[;] therefore, the district court's order granting the government's motion for reconsideration should be str[uck] and the order commanding the government to return seized property to Gomez reinstate[d]." We affirm.
 
 Discussion
 
 6
 The government did not indicate the rule under which it brought its motion to reconsider. Gomez contends that they did so under Fed.R.Civ.P. 59(e), and that their motion was time barred as a result. "Any motion to amend or alter a judgment shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e).
 
 
 7
 Gomez's Rule 41(e) motion is a civil matter. See United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1986)(rule 41(e) motions treated as separate civil proceedings if there is no pending criminal matter). Motions for reconsideration in civil cases arise from either Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60. United States v. Nutri-cology, Inc., 982 F.2d 394, 396-97 (9th Cir.1992). The Rule 41(e) order returning property to Gomez, which is the equivalent of a final judgment, see In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 855 (9th Cir.1991), was granted by default. A motion to reconsider a judgment granted by default is made pursuant to Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 55(c). Therefore, we treat the government's motion as one made under Rule 60(b). It is not time barred.
 
 
 8
 The district court's decision to grant a motion for reconsideration under Rule 60(b) is reviewed for abuse of discretion. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir.1997). However, there is a strong presumption in favor of granting Rule 60(b) motions following the entry of a default judgment. See Hammer v. Drago, 940 F.2d 524, 525 (9th Cir.1991). In a default situation, the discretion vested in the trial court to deny the motion is limited by three policy considerations:
 
 
 9
 First, since Rule 60(b) is remedial in nature, it must be liberally applied. Second, default judgments are generally disfavored and whereever it is reasonably possible, cases should be decided on upon their merits. Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside judgment.
 
 
 10
 Id. quoting Gregorian v. Izvestia, 871 F.2d 1515, 1523 (9th Cir.1988). See also Meadows v. Dominican Republic, 817 F.2d 517, 520 (9th Cir.1987).
 
 
 11
 Given the strong presumption that motions to reconsider must be granted, we cannot conclude that the district court abused its discretion in doing so. Abuse of discretion is "discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." Wing v. Asarci, Inc., 114 F.3d 986, 988 (9th Cir.1997). The court's finding that the government's conduct was excusable or inadvertent is, in light of fact that Gomez brought his Rule 41(e) motion under a new name and was assigned a new docket number, not "against the logic and effects of the facts as are found." The record shows that a new docket number was created and that previous filings by Gomez were under the name Fenisterri. The district court, as finder of fact, is entitled to give persuasive weight to Ms. Lonergan's declaration regarding the government's inadvertent confusion.
 
 
 12
 We review the court's denial of Gomez's Rule 41(e) motion de novo. See United States v. Kow, 58 F.3d 423, 426 (9th Cir.1995). The district court's determination on the issue of ownership is a finding of fact reviewed for clear error. See In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 855 (9th Cir.1991). The district court's determination that a claim is barred under the doctrine of laches is reviewed for abuse of discretion. See Telink, Inc. v. United States, 24 F.3d 42, 47 n. 11 (9th Cir.1994).
 
 
 13
 A Rule 41(e) motion is properly denied if the defendant proves that the movant "is not entitled to lawful possession of the seized property, the property is...subject to forfeiture, or the government's need for the property as evidence continues." United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). The government introduced evidence that the seized cash was administratively forfeited and that the seized car was registered in someone else's name. The district court found this evidence to be uncontested. Given these uncontested facts, the district court properly denied Gomez's motion with respect to the cash and the car.
 
 
 14
 Gomez waived his claim to the remaining items under the equitable doctrine of laches. See Soviero v. United States, 967 F.2d 791, 792-93 (2nd Cir.1992)(noting that request for return of property, whether deemed a Rule 41(e) motion or separate civil proceeding, is subject to equitable concerns). The district court held that the "interests of justice" required it to deny Gomez's motion. Given Gomez's failure to point to any evidence which might explain his delay, we cannot say that the district court abused its discretion. See United States v. Totaro, 468 F.Supp. 1045, 1047 (D.Md.1979)(two year delay in bringing 41(e) motion probably would have been unreasonable but for petitioner's reasonable excuse).
 
 Conclusion
 
 15
 The district court's order granting the government's motion for reconsideration and denying Gomez's motion for return of property is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gomez does not claim this to be an alias