STATE OF MAINE
WASHINGTON, SS.

MACHIAS
2015-CR-172

STATE OF MAINE          )
                        )
    VS.                 )     ORDER ON DEFENDANT'S
                        )     MOTION FOR RETURN OF
                        )     PROPERTY
                        )
GREGORY ANTIL           )
          DEFENDANT     )

This matter came before the Court on January 19, 2017, for a hearing on Defendant's Motion for Return of Property. Present before the court were Attorney Jeff Davidson for the Defendant, and ADA Alex Smeaton for the State. Defendant did not appear and his attorney indicated his client was working. The matter proceeded without objection from the State in Defendant's absence, and it was conceded that the matter would consist of oral argument from each party.

The court finds that each party misconstrued the nature and scope and even the purpose of the hearing. What was scheduled was a hearing on Defendant's Motion for Return of Property, filed on December 5, 2016. During oral argument, however, the parties focused entirely on the applicability of 15 M.R.S.A. Section 5821, et seq dealing with Forfeiture. That focus was precipitated and the result of the following procedural facts;[1]

---

[1] The court takes judicial notice of the file in this action and in MACDC-SW-15-09.

1. On September 15, 2015 law enforcement executed a search warrant at Defendant's residence and seized numerous items of evidence which lead to Defendant being charged by Complaint with Class, D, Cultivation of Marijuana in violation of 17-A M.R.S.A., Section 1117(1)(B)(3).

2. Defendant entered a guilty plea to that charge on January 26, 2016, and entered into a Deferred Disposition Agreement for a period of 6 months.

3. On August 2, 2016, Defendant returned to court, having complied with the conditions of the deferred period and was sentenced to the "good result", a $400, and thereby stood convicted of the charged offense;

4. On December 5th, 2016, Defendant filed a Motion for Return of Property, indicating that efforts to negotiate the return of certain items had been unsuccessful;

5. On December 14th, 2016, having received the Motion For Return of Property, the State filed an Information alleging Count II, Criminal Forfeiture in violation of 15 M.R.S.A. 5826;

6. On December 29th, 2016, Defendant filed a Objection to Information and For Sanctions arguing that Section 5826 requires that the State file any forfeiture count simultaneously with the underlying criminal allegation and asserting that since the State filed an Information after the underlying case had been disposed of and as a reply to his Motion for Return of Property, the State acted frivolously and without statutory authority, and Defendant

seeks both a dismissal of the Information and Sanctions;

7. On January 9th, 2017, the State filed a Memorandum in Opposition to Defendant's Motion for Return of Property, arguing that it was not necessary for the State to file a Forfeiture count because 15 M.R.S.A. Section 5821 indicates that any equipment used to cultivate scheduled drug is subject to forfeiture "and no property right may exist" in it. The State conceded that the Information should not have been filed under these circumstances and filed concurrently with its Opposition a Dismissal of the Information. Finally, the State obviously objects to the imposition of sanctions.

8. Defendant's Motion for Return of Property was heard on January 19, 2017, as previously indicated.

The court need not reach the issues raised by Defendant's Objection to Information, because the State, whose prerogative it is to charge, reduce and dismiss, has dismissed the Count II Information.[2] The Court also need not reach the issue of whether a criminal forfeiture count must, if at all, be brought or laid simultaneously with the underlying and related criminal charging instrument. And moreover, the court need not reach the issue of whether no forfeiture action need be commenced at all, as argued by the State and its

---

[2] The court is not convinced on this record that the State filed the Information illegally or frivolously as argued by Defendant and accordingly DENIES the Motion for Sanctions.

interpretation of only one section of the forfeiture statute.[3]   Again, the only thing now before the court is Defendant's Motion for Return of Property, pursuant to M.R.Crim.P. Rule 41(e).[4]

Maine Criminal Rule 41(e), permits "a person aggrieved by an *unlawful* seizure [to] move the court ... for the return of the property on the ground that the property was *illegally* seized." (Emphasis added.).  It speaks to persons who have had their property *illegally* seized, regardless of whether a charge has been laid, but provides nothing by way of conferring upon a person already convicted upon *lawfully seized* evidence and whose case has been fully resolved, a right to so move the court.  Still, although the court has found no Maine cases on point, the court finds that it has the inherent authority to decide the issue since it arises from a criminal case over which the court did have jurisdiction.  Federal courts interpret the Federal Rule to allow for recovery of *legally* seized property despite the fact that its explicit language provides only for the return of "unlawfully" seized property. The rationale for this construction is that "the Court's

---

[3] Incidentally, while 15. M.R.S.A. 5821 sets forth property that is "subject to forfeiture" and indicates that "no property right may exists" in these types of enumerated property, the very next section of the statute sets forth the procedure for initiating a proceeding in rem and confers upon the Defendant certain due process rights when the State seeks to forfeit.

[4] The day following oral arguments, which again focused on the applicability of the Forfeiture statute, the court informed counsel in chambers that the only thing the court was being asked to decide was the Rule 41 Motion and that since there had been no testimony provided at the hearing, the court would be willing to reopen the evidence. Defendant objected to this proposal and wanted the Motion decided on the record before the court. Accordingly, the court does so.

equitable powers confer on it the jurisdiction as well as the duty to return [legally seized, *nonforfeited*] evidence to its owner once the need for it has ceased." *United States v. Farese*, No. 80 Cr. 63 (MJL), 1987 U.S. Dist. LEXIS 11466, at *5, 1987 WL 28830, at *1 (S.D.N.Y. Dec. 15, 1987) (mem.) (citing *Sovereign News Co. v. United States*, 690 F.2d 569 (6th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983); *Wilson*, 540 F.2d at 1103-04; *United States v. Totaro*, 468 F. Supp. 1045, 1048 (D. Md. 1979)).

The Maine Rule 41(e) is also silent on who bears the burden of proof at hearing on the Defendant's Motion for Return of Property. Since it is a criminal rule and since the rule itself allows such a motion to be joined with a motion to suppress, the court concludes that the State, although not the movant, carries the burden of establishing that it is entitled to maintain possession of the property.   In *State v Sweatt, 427 A.2d 940 (Me. 1981)* provides that;

> Whether evidence should be suppressed and whether it should be returned to its owner are distinguishable questions. .........However, the burden is always on the government to show some nexus between the supposed evidence .......and criminal activity before the supposed evidence may be detained.

*State v Sweatt, 427 A.2d 940 (Me. 1981)*.  Furthermore, not all seized property is subject to return, however, and property "otherwise subject to lawful detention" need not be returned. *Id* . Under section 1111-A(1) of Title 17-A. drug paraphernalia consists of ", products,

and materials of any kind that are used or intended for use in planting....or cultivating. Growing equipment, the court finds, is contraband when coupled with a conviction for Cultivating and may be seized and confiscated by the State.

In this action involving Mr. Antil and the return of his property, there was no testimonial hearing because the parties misconstrued the nature of the hearing and perhaps the State itself didn't realize that the court "shall receive evidence on any issue of fact necessary to the decision of the motion." M.R.Crim. P. 41(e). From just the record itself, however, the court can easily find that a lawfully issued search warrant was executed pursuant to which the authorities seized from the Defendant's possession "scheduled drugs, including but not limited to marijuana; drug paraphernalia (including that as defined in 17-A M.R.S.A. 1111-A". *See SEARCH WARRANT; DESCRIPTION OF PROPERTY TO BE SEIZED.* More particularly, the authorities seized lawfully the property listed in the Evidence Log, returned with the warrant. The court can also easily find from the record that Defendant was charged and convicted of Cultivating Marijuana, a Class D crime, based upon the success of the search and based upon his own plea of guilty.

Now, Defendant does not seek the return of all of the property and he did at the hearing specify which items he seeks returned.

Specifically, he seeks the return of; a camo bag, back pump, camera, wooden processor, a bong and two grow lights. The court has no direct evidence on the use or intended use of the camo bag, the back pump, the camera or the wooden processor. Nor does the court have any evidence about how these items were related to the charge laid against the Defendant and for which he was ultimately convicted, and therefore the court cannot on this record in this case find that those items are instruments or fruits of his crime, or even contraband.

However, the court finds that the bong is "drug paraphernalia", pursuant to 17-A M.R.S.A, Section 111-A(1)(K)(12),when found in Defendant's possession during a lawful search for cultivation of marijuana to which Defendant admits. As such it is contraband and need not be returned. The two remaining items, two grow lights,, used in connection with the cultivation of marijuana, are also paraphernalia and contraband and need not be returned.

Accordingly, the Defendant's Motion is DENIED in all regards except that the State shall return the camo bag, back pump, camera, and wooden processor.

DATED THIS 27ʰ DAY OF JANUARY, 2017

JUDGE MAINE DISTRICT COURT